**Jack KOGOK, Robert and Margaret Kogok, Richard Charles Kogok, George and Joan Abraham, Joan Abraham, Custodian for Sheryl Abraham, Henry Abraham, Ralph and Marge Abelt, and Salvatore T. Puleo,**

v.

**Douglas P. FIELDS, Frederick M. Friedman, Peter S. Davis, Alan E. Sandberg, TDA Industries, Inc.**

Civ. A. No. 77–611.

United States District Court, E. D. Pennsylvania.

March 31, 1978.

Barrack, Rodos & McMahon, Philadelphia, Pa., for plaintiffs.

Kantor, Davidoff, Winston & Ferber, New York City, Philip P. Kalodner, Wyncote, Pa., for TDA Industries, Inc.

Berger, Kramer & Sugerman, New York City, Stassen, Kostos & Mason, Guillermo L. Bosch, Philadelphia, Pa., for Peter S. Davis.

## OPINION AND ORDER

HANNUM, District Judge.

The defendants have requested this Court to transfer this action to the United States District Court for the Southern District of New York, pursuant to either 28 U.S.C. § 1404(a)[1] or 28 U.S.C. § 1406(a).[2] We grant the motion to transfer this action pursuant to 28 U.S.C. § 1404(a).

### FACTS

The plaintiffs are eleven individuals who have brought this suit against TDA Industries, Inc., (hereinafter "TDA") Douglas P. Fields, President and Chairman of the Board of TDA; Frederick M. Friedman, Financial Vice President, Secretary, Treasurer, and Director of TDA; Alan E. Sandberg, Vice President and Director of TDA; and Peter S. Davis, Officer and General Counsel of TDA. The plaintiffs allege that the defendants violated Section 10(b) of the Securities and Exchange Act of 1934 by entering into a conspiracy to defraud plaintiffs by inducing them to purchase 20,000 shares of TDA stock for an excessive price. Such inducement was made by misrepresentations and nondisclosures presented in press releases, prospectuses and annual and quarterly reports issued during the years 1971 through 1973. The plaintiffs all reside in the Washington, D. C. area and were purchasers of TDA stock. TDA is a New York corporation with its principal place of business located in New York city.

The first issue presented is whether venue is proper for this action in the Eastern District of Pennsylvania. The applicable venue provision is 15 U.S.C. § 78aa.[3] If venue is proper under 15 U.S.C. § 78aa, then 28 U.S.C. § 1404(a) is the applicable transfer provision. If venue is not proper in this district, then 28 U.S.C. § 1406(a) applies.

### VENUE UNDER 15 U.S.C. § 78aa.

15 U.S.C. § 78aa provides that venue is proper in a civil suit where (1) any act or transaction constituting the violation occurred; (2) a defendant is found; (3) a defendant is an inhabitant; or (4) a defendant transacts business. *In Re Penn Central*

1. 28 U.S.C. § 1404(a) provides:
(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

2. 28 U.S.C. § 1406(a) provides:
The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

3. 15 U.S.C. § 78aa provides in relevant part:

Any criminal proceeding may be brought in the district wherein any act or transaction constituting the violation occurred. Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.

Securities Litigation, 338 F.Supp. 438, 440 (E.D.Pa.1972); United Industrial Corp. v. Nuclear Corp. of America, 237 F.Supp. 971, 976 (D.Del.1964). In the present case, no plaintiff or defendant is found in or is an inhabitant of the Eastern District of Pennsylvania. None of the shares of the TDA stock in question were purchased in the Eastern District of Pennsylvania. Venue is based on the mailing of proxy statements, quarterly and annual reports, and prospectuses by TDA to non-parties who reside in the Eastern District of Pennsylvania.

These mailings are sufficient to establish proper venue in the Eastern District of Pennsylvania. 15 U.S.C. § 78aa provides that venue properly lies in a district "wherein any act or transaction constituting the violation occurred." This provision was construed in Hooper v. Mountain States Securities Corp., 282 F.2d 195, 204–05 (5th Cir. 1960), cert. denied, 365 U.S. 814, 81 S.Ct. 695, 5 L.Ed.2d 693 (1961) as follows:

> We think that any use of instrumentalities of the mails or other interstate facilities made within the forum district constituting an important step in the execution of the fraudulent, deceitful scheme or in its consummation is sufficient. Generally speaking we would say that any act which would be sufficient to constitute an offense under the mail fraud, or similar criminal statutes, occurring within the forum district would be adequate to authorize extraterritorial service of process * * *. This approach automatically reads into this Act general provisions such as 18 U.S.C. § 3237 * * that jurisdiction is in "any district from, through, or into which" interstate commerce or mail matter moves.

The Court went on to say:

> The statute was one designed to put an end to interstate frauds in the sale and trading of securities. The legislative pattern envisages the likelihood that actions would take place in many places requiring the frequent use of instrumentalities of the mail or of communication. The Act meant to vest jurisdiction in every district where any use of such instrumentalities of the mail or interstate commerce was of material importance to the consummation of the scheme.

Hooper held that a phone call from outside Alabama to a party in Alabama was sufficiently material to the scheme alleged for venue to be proper in the Middle District of Alabama. 282 F.2d at 205.

The issue here is whether the materiality test set forth in Hooper v. Mountain States Securities Corp., supra, and expanded in Dauphin Corp. v. Redwall Corp., 201 F.Supp. 466, 496–70 (D.Del.1962), applies to the present facts. This Court has determined that the materiality test set forth in Hooper applies to any act or transaction except where the act or transaction upon which venue is based constitutes a completed violation of the securities laws that is the same violation as the violation upon which civil liability is alleged in the complaint.

The plaintiffs in this action allege that the defendants engaged in a conspiracy to cause the defendants to purchase more than 20,000 shares of TDA common stock for an excessive consideration. The mailing of the allegedly misleading statements is alleged to have contributed to the effectuation of the conspiracy. The complaint bases liability on the conspiracy alone, and not on the mailing of the statements apart from the conspiracy. Therefore the materiality test will be applied to the mailing of the allegedly misleading financial statements, since liability is not predicated on the mailing of the statements alone.[4]

Applying the materiality test, the relationship between the mailing of the financial reports and the offense alleged in the complaint must be determined. This rela-

---

4. Mayer v. Development Corp. of America, 396 F.Supp. 917, 928–30 (D.Del.1975) may be distinguished from this case. In Mayer the complaint alleged liability on the basis of the mailing of DCA proxy materials containing misleading statements and material omissions in violation of 15 U.S.C. § 78n and Rule 14a–9. Venue in that case was based on the mailing of these proxy statements to a non-party DCA shareholder residing in Delaware. The court held that the Hooper materiality test did not apply and that such securities laws violations occurring in Delaware was sufficient to establish proper venue in Delaware.

tionship is set forth in Paragraph 9 of the complaint as follows:

> The fraud practiced * * * by the defendants in order to effectuate the * * conspiracy, consisted, inter alia, of misrepresentations * * * contained in * * * prospectuses, [and] Annual and Quarterly reports issued during the years 1971 through 1973 * * *.

Clearly these reports were material to the conspiracy alleged in the complaint. The mailing of even one such material report into this district would be sufficient to sustain venue in the Eastern District of Pennsylvania. Materiality is determined by the content and the nature of the reports; and not by the proportion of the number of such reports mailed into the Eastern District of Pennsylvania to the total number of reports distributed. *Mayer v. Development Corp. of America, supra,* 396 F.Supp. at 929–30; *Mitchell v. Texas Gulf Sulfur Co.,* 446 F.2d 90, 106 (10th Cir. 1971); *cert. denied,* 404 U.S. 1004, 92 S.Ct. 564, 30 L.Ed.2d 558 (1972), 405 U.S. 918, 92 S.Ct. 943, 30 L.Ed.2d 788 (1972); *Blau v. Lamb,* 242 F.Supp. 151, 160 (S.D.N.Y.1965), *modified* 363 F.2d 507 (2d Cir. 1966).

Because the materiality test is satisfied, venue properly lies in the Eastern District of Pennsylvania.[5]

### MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a)

■ Having determined that venue is proper in this district, the Court must next determine whether the case should be transferred pursuant to 28 U.S.C. § 1404(a). From the language of the statute,[6] two determinations must be made. The first is whether this action could have been brought originally in the Southern District of New York. *Hoffman v. Blaski,* 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960); *Shutte v. Armco Steel Corp.,* 431 F.2d 22 (3d Cir. 1970). The second determination is whether the transfer will be in the interest of justice and for the convenience of parties and witnesses.

This action could have been brought in the Southern District of New York. Under 15 U.S.C. § 78aa[7] venue would be proper "in the district wherein the defendant is found or is an inhabitant or transacts business." Defendant TDA is incorporated in the State of New York and has its principal place of business in the Southern District of New York. Thus, venue clearly existed in the Southern District of New York at the time the suit was commenced.

In determining whether a Section 1404(a) transfer to the Southern District of New York will be in the interests of justice and for the convenience of parties and witnesses, the Court has considered the following facts.

1. TDA has its principal place of business at New York, New York.

2. All of the plaintiffs reside in Washington, D. C., or the surrounding area.

3. All, or nearly all, of the documents and witnesses in this action are located in the State of New York.

4. The plaintiffs brought this suit in the Eastern District of Pennsylvania primarily for the convenience of their counsel, which are located here.

---

In *Mayer,* the violation upon which venue in Delaware was based was the same violation of the securities laws upon which liability was alleged in the complaint. This identity is not present in this case; therefore, the materiality test does apply to the present facts.

5. *See also Oxford First Corp. v. PNC Liquidating Corp.,* 372 F.Supp. 191, 197–98 (E.D.Pa. 1974); *Prettner v. Aston,* 339 F.Supp. 273, 280 (D.Del.1972); *Puma v. Marriott,* 294 F.Supp. 1116, 1120–21 (D.Del.1969).

The parties have also presented the issue of whether the mailing of financial reports into this district establishes that TDA "transacts business" here. The court has determined that it does not. *See United States v. Scophony*

*Corp. of America,* 333 U.S. 795, 807, 68 S.Ct. 855, 92 L.Ed. 1091 (1948); *Eastern Pre-Cast Corp. v. Giant Portland Cement Co.,* 311 F.Supp. 896, 897 (E.D.Pa.1970); *Stern Fish Co. v. Century Seafoods, Inc.,* 254 F.Supp. 151, 153 (E.D.Pa.1966); *United Industrial Corp. v. Nuclear Corp. of America,* 237 F.Supp. 971, 978 (D.Del.1964) (interpreting the term "transacts business" in the context of 15 U.S.C. § 78aa with reference to the interpretation of the term in the context of Section 12 of the Clayton Act).

6. See n. 1, *supra.*

7. See n. 3, *supra.*

In order for the defendants to prevail on their motions, they

> must make a clear-cut showing that when all the interests are considered, trial would more conveniently proceed and the interests of justice would be better served in the other district. *Peyser v. General Motors Corp.*, 158 F.Supp. 526, 529 (S.D.N.Y.1958).

The plaintiffs argue that the Court should place great weight, in the exercise of its broad discretion, on the plaintiffs' choice of forum. *City of Philadelphia v. General Motors Corp.*, 324 F.Supp. 181, 182 (E.D.Pa. 1971). While this argument is correct as a general principle, the plaintiffs' choice of forum is entitled to less weight than is ordinarily the case where none of the operative facts have occurred in the forum district. *Fitzgerald v. Central Gulf Steamship Corp.*, 292 F.Supp. 847, 849 (E.D.Pa.1968).

In the present case, this Court concludes that the transfer of this action to the Southern District of New York would not unduly inconvenience any of the parties and would be in the interests of justice.