Melville A. CARTY, Jr.

v.

HEALTH–CHEM CORPORATION.

Raymond K. PEIL, on behalf of himself
and all others similarly situated

v.

Marvin M. SPEISER, et al.

Civ. A. Nos. 82–1287, 82–1289.

United States District Court,
E.D. Pennsylvania.

June 15, 1982.

See also D.C., 97 F.R.D. 657.

Richard D. Greenfield, Donald B. Lewis, Greenfield & Chimicles, Bala Cynwyd, Pa., for plaintiffs.

Jerome J. Shestack, Andrew E. Taslitz, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

VanARTSDALEN, District Judge.

Defendants in civil actions 82–1287 (the *Carty* action) and 82–1289 (the *Peil* action) have moved to transfer both actions to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a). They challenge venue in this court on the bases that (1) venue is improper in this district in that any act constituting an alleged violation did not occur in this district, (2) all of the prospective witnesses and relevant documentary evidence are in New York, and (3) plaintiffs' choice of forum is of little significance because the plaintiff in the *Peil* action is a "nominal plaintiff" in a class action and because the *Peil* action will eventually be consolidated with the *Carty* action. For the reasons which follow, defendants' motions to transfer will be denied.

Initially, it should be noted that 28 U.S.C. § 1404(a) provides for transfer from one *proper* venue to another. C. Wright & A. Miller, *Federal Practice and Procedure* § 3827 (1976). Section 1406(a) provides for dismissal or transfer of a case filed in a forum that lacks proper venue. *Id.* Since it obviously makes little difference to defendants which provision is utilized, I will consider their contentions as to improper venue under section 1406(a) and, because I find venue to be proper in this district, consider the motion to transfer for convenience of the parties under section 1404(a).

The Securities Exchange Act of 1934 (the 1934 Act) provides that venue is proper in any district wherein any act or transaction constituting the violation occurred "or in the district wherein the defendant is found or is an inhabitant or transacts business," 15 U.S.C. § 78aa. It has been held that there need be only one act within the district for purposes of venue under the 1934 Act, so long as that act is more than an immaterial part of the alleged violation. *Warren v. Bokum Resources Corp.,* 433 F.Supp. 1360, 1363 (D.C.N.M.1977); *Sohns v. Dahl,* 392 F.Supp. 1208, 1215 (W.D.Va. 1975).

In these actions, the plaintiffs allege that they received in this district annual and quarterly reports of Health-Chem Corporation (Health-Chem). In addition, plaintiff Peil received in this district a 1981 prospectus for Health-Chem's issuance of debentures containing the alleged misrepresentations and omissions. The purchases of the named plaintiffs in both actions were allegedly effected through brokerage offices located in this district.

I conclude, on the basis of the above allegations, that venue is proper in this district. *See Mitchell v. Texas Gulf Sulphur,* 446 F.2d 90, 106 (10th Cir.), *cert. denied,* 404 U.S. 1004, 92 S.Ct. 564, 30 L.Ed.2d 558 (1971) (venue proper in district where act complained of was publication of news releases printed in newspaper transmitted to forum by mail); *Texas Gulf Sulphur v. Ritter,* 371 F.2d 145, 148–49 (10th Cir.1967) (same). I see no merit in defendants' bare assertion that, because plaintiffs' allegations are directed at proving a "fraud on the market," the alleged act or violation could only have taken place in New York at the location of the American Stock Exchange, the market for Health-Chem securities. Such a cramped reading of the 1934 Act is unsupported and, in my view, unsupportable.

Moreover, one defendant in the *Peil* action, Drexel Burnham Lambert, Inc. (Drexel), admits that venue as to it is proper in this district. Venue under the 1934 Act is proper "if one act in furtherance of the unlawful scheme is done in the forum district. This does not require that each defendant perform such an act; sufficient is an act of which all the defendants were the intended beneficiaries and a part of the fraudulent scheme." *Warren, supra* at 1364, *quoting Zorn v. Anderson,* 263 F.Supp. 745, 748 (S.D.N.Y.1966) (citations omitted). Thus, for the above reasons, venue is proper in this forum as to both civil actions 82–1287 and 82–1289.

It remains, then, to be considered whether transfer is nonetheless warranted under section 1404(a). Section 1404(a) provides that a change of venue may be granted "for convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Courts generally consider six factors in making the determination whether change of venue will serve the interests of justice: the plaintiff's choice of forum, ease of access to sources of proof, costs involved in obtaining attendance of willing witnesses, practical problems that make trial easy, expeditious, and inexpensive, difficulties of court administration and the desirability of state law being determined by a federal court located therein. *Kawecki Berylco Industries, Inc. v. Fansteel, Inc.,* 512 F.Supp. 984, 986 (E.D.Pa.1981). The Court of Appeals for the Third Circuit has provided clear guidance as to which factor is to be given the greatest weight. In any determination of a transfer request, the plaintiff's choice of a proper forum is a "paramount consideration" and its choice should not be lightly disturbed. *Shutte v. Armco Steel Corporation,* 431 F.2d 22, 25 (1970), *cert. denied,* 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971); *Kawecki, supra* at 986. While the decision to transfer is within the court's discretion, transfer is not to be liberally granted. *Shutte, supra* at 25. The burden is on the moving party to establish that a balancing of proper interests weighs in favor of the transfer and, "unless the balance of convenience of the parties is *strongly* in favor of defendant, the plain-

tiff's choice of forum should prevail." *Id., quoting Owatonna Manufacturing Co. v. Melroe Co.,* 301 F.Supp. 1296, 1307 (D.Minn. 1969) (emphasis supplied by *Shutte* Court).

Defendants contend that, in these cases, the choice of plaintiff Peil should be given little weight because, he is seeking to maintain his action as a class action and is only a "nominal plaintiff." In addition, defendants argue that because the *Carty* action will likely be consolidated with the *Peil* action, plaintiff Carty's choice of forum is likewise of little significance. I am unpersuaded by defendants' argument.

There is clearly no basis for upsetting plaintiff Carty's choice of forum. He is an individual plaintiff whose choice of forum is entitled to considerable weight under the law of this circuit. The mere possibility of consolidation of the *Carty* and *Peil* actions at some future date does not outweigh the "paramount consideration" of the plaintiff's choice of forum. In addition, I am not persuaded that the distance between New York and Philadelphia is great enough to work a hardship on defendant Health-Chem sufficient to shift the balance of inconvenience to plaintiff. Thus, the defendant in the *Carty* action has not met its burden of showing that the balance of convenience of the parties is strongly in favor of transfer.

In the *Peil* action, the crux of defendants' motion to transfer is that, since plaintiff Peil is merely a "nominal plaintiff" in a class action, his choice of forum is not entitled to the same weight usually accorded a plaintiff. I am aware of those cases which have held that, in certain cases, the choice of forum of a plaintiff in a class action or derivative suit should be given little weight. *See Koster v. Lumbermens Mutual Co.,* 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947) (derivative action decided on basis of *forum non conveniens*), *Blender v. Sibley,* 396 F.Supp. 300, 302 (E.D.Pa.1975). Nevertheless, I do not believe that the circumstances of this action warrant a devaluation of plaintiff's choice.

Initially, it must be noted that plaintiff Peil's motion to maintain civil action 82–1289 as a class action is still pending

**4**

and, indeed, since the motion has not to date been responded to by defendants, the pertinent issues as to such treatment have not been fully or properly presented. While defendants appear to treat class action status as a certainty, they have not formally indicated that plaintiff's motion is unopposed by them. In addition, neither the size of the proposed class nor the number of individuals in the class who reside in Pennsylvania has been determined.

Most importantly, I am not convinced that plaintiff Peil's status as a named plaintiff in a class action would justify an impairment of his right to the forum of his choice. He alleges a purchase of 1,300 shares of common stock of Health-Chem as well as convertible debentures totalling $40,932.25, including brokerage commissions and other charges. While the plaintiff has not alleged a specific sum as damages, his investment is significant. There is nothing on the record to indicate that plaintiff Peil is merely a "nominal" or "phantom plaintiff with interest enough to enable him to institute the action and little more." *See Koster, supra* 330 U.S. at 525, 67 S.Ct. at 832.

Since defendants have failed to establish that the balance of convenience of the parties is strongly in favor of the transfer in either the *Peil* or *Carty* action, I will deny their motions for transfer.