**John A. LEFEVER, Plaintiff,**

v.

**James D. VICKERS, et al., Defendants.**

**Civ. A. No. 84–C–1276.**

United States District Court,
D. Colorado.

July 23, 1985.

Jeffrey A. Springer, Jeffrey A. Springer,
P.C., Denver, Colo., for plaintiff.

Donald Phillipson, Denver, Colo., Jack M. Wesoky, Englewood, Colo., Michael A. Davis, Aurora, Colo., Herbert A. Delap, Denver, Colo., for defendants.

## ORDER

CARRIGAN, District Judge.

This action arises out of numerous business transactions between Jet Executive Transportation Services, Ltd. (Jet), and one of the defendants, James D. Vickers. Jet has assigned its interest in the case to the plaintiff, James A. Lefever.

█ Plaintiff has asserted ten claims, only one of which raises a federal question. Plaintiff's sixth claim alleges violations of 15 U.S.C. § 78j(b) and Rule 10b–5, 17 C.F.R. 240.10b–5 (1985), promulgated under the Securities Exchange Act of 1934. Jurisdiction is based on 28 U.S.C. § 1331 (1982). Although the plaintiff's complaint alleges jurisdiction under 28 U.S.C. § 1332 (1982), the plaintiff as well as two of the defendants reside in Colorado. Therefore, the plaintiff may not invoke this court's diversity jurisdiction. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Subject matter jurisdiction over the plaintiff's state law claims depends on this court's pendent jurisdiction.

█ The exercise of pendent jurisdiction in federal securities cases is often inappropriate. For the reasons articulated by Judge Matsch in *Kerby v. Commodity Resources, Inc.*, 395 F.Supp. 786 (D.Colo.1975) and by this court in *Ritter v. Colorado Interstate Gas Co.*, 593 F.Supp. 1279 (D.Colo.1984) I decline to exercise my discretionary power to take pendent jurisdiction over the plaintiff's state law claims.

Under Fed.R.Civ.P. 12(b)(2), the defendant South Fork Oil and Gas Company (South Fork) has filed a motion to dismiss the plaintiff's federal claim for lack of personal jurisdiction. Personal jurisdiction in Securities Act cases is proper when the defendants reside in the United States. 15 U.S.C. § 78aa (1982). The Securities Act authorizes nationwide service of process. *Id.* South Fork's motion to dismiss for lack of personal jurisdiction is therefore denied.

█ South Fork has also alleged that venue is not proper in Colorado and has sought either dismissal or transfer. Under § 78aa, venue is proper in a district where (1) the defendant is an inhabitant; (2) where the defendant is found; (3) where the defendant transacts business; or (4) where any act or transaction constituting the violation occurred. Venue is proper if one act in furtherance of an unlawful scheme was committed in the forum district. *S–G Securities, Inc., v. Fuqua Inv. Co.*, 466 F.Supp. 1114 (D.Mass.1978); *Zorn v. Anderson*, 263 F.Supp. 745 (S.D.N.Y. 1966). The act need not have constituted the core of the alleged violation, nor even have been illegal, as long as it was more than an immaterial part of the alleged violation. *S–G Securities, Inc.*, 466 F.Supp. 1114; *Burkhart v. Allson Realty Trust*, 363 F.Supp. 1286 (N.D.Ill.1973). Section 78aa does not require each defendant to have performed an allegedly wrongful act if all the defendants were intended beneficiaries and were part of the allegedly fraudulent scheme. *Carty v. Health-Chem Corp.*, 567 F.Supp. 1 (E.D.Pa.1982).

█ Here, the chairman of South Fork's board of directors wrote and mailed a letter to Colorado Stock Transfer Service (CSTS) instructing it not to register the stock at issue. South Fork thereby committed an act sufficient to allow venue in either the district where the letter was written or the district where the letter was received. *See Stern v. Gobeloff*, 332 F.Supp. 909 (D.Md. 1971). In addition, CSTS's refusal to register the stock in Colorado, at South Fork's request and for its benefit, also conferred venue on this district. *Carty*, 567 F.Supp. 1.

█ South Fork has also asserted that the plaintiff's complaint fails to state a claim upon which relief can be granted. To the contrary, the plaintiff has alleged facts sufficient to state a claim under Rule 10b–5. South Fork's motion to dismiss pursu-

ant to Fed.R.Civ.P. 12(b)(6) is therefore denied.

South Fork's alternative motion for summary judgment is equally unfounded.

In addition to South Fork's motions, the plaintiff has moved to dismiss several of the defendants. Because those defendants have neither answered nor filed motions for summary judgment, dismissal is appropriate pursuant to Fed.R.Civ.P. 41.

Accordingly,

IT IS ORDERED that

(1) All the plaintiff's claims, except for his sixth claim, are dismissed without prejudice;

(2) Defendant's motion to dismiss the plaintiff's sixth claim, or alternatively for summary judgment on that claim, is denied;

(3) Defendant's motion to transfer the plaintiff's sixth claim is denied.

(4) Plaintiff's motion to dismiss is granted; the complaint and action are dismissed as against the defendants James D. Vickers, Terri T. Davis, and Phillip Terney in their capacities as trustees for Vickers Land and Cattle, Inc.