**In re AES CORPORATION SECURITIES LITIGATION**

**No. CIV.A. 02–1485–A.**

United States District Court, E.D. Virginia, Alexandria Division.

Jan. 16, 2003.

John Christopher Pasierb, Cohen Gettings & Caulkins P.C., Arlington, VA, for Plaintiffs.

David Emmett Carney, Skadden Arps Slate Meagher & Flom L.L.P., Washington, DC, for Defendants.

Conor R. Crowley, Finkelstein Thompson & Loughran, Washington, DC, John Christopher Pasierb, Cohen Gettings & Caulkins P.C., Arlington, VA, for Movants.

## MEMORANDUM OPINION

ELLIS, District Judge.

At issue on a transfer motion in these consolidated securities class actions is whether the venue provision in § 27 of the Securities Exchange Act, 15 U.S.C. § 78aa, permits venue in a district based only on the fact that allegedly misleading information was transmitted into the district, or whether § 78aa also requires a showing that at least one class member in the transferee district read and relied on that information.

### I.

This consolidated securities litigation consists of seven cases brought against AES Corporation ("AES") and three individual defendants, which were consolidated into one action for all purposes by Order dated December 12, 2002.[1] Defendant AES is a global energy and utilities company engaged in electrical energy production and distribution through owned power facilities throughout the world. The three individual defendants, Dennis W. Bakke, Roger W. Sant, and Barry Sharp are AES's President and Chief Executive Officer, Chairman of the Board, and Chief Financial Officer, respectively. In essence, plaintiffs allege that defendants concealed facts concerning losses in their United Kingdom operations, as well as the expected adverse effects of new legislation on those operations by omitting this information from certain press releases and SEC filings. These fraudulently concealed material facts, according to plaintiffs, served artificially to inflate the price of AES stock such that when the truth finally emerged, the plaintiff class suffered damages owing to the precipitous drop in the value of AES stock. Based on these alleged facts, plaintiffs assert (i) claims against all defendants under Section 10(b) of the Exchange Act (hereinafter the "Act"), 15 U.S.C. § 78a et seq. and Rule 10(b)(5), 17 C.F.R. § 240.10(b)(5), and (ii) claims against the individual defendants under § 20(a) of the Act, 15 U.S.C. § 78t(a).

In timely fashion, defendants moved to transfer the consolidated actions, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Southern District of Indiana, where, according to defendants, related securities actions are pending.[2] Because § 1404(a) transfers are limited to "any other district or division where [the action] might have been brought," a threshold question on this motion to transfer is whether venue in the Southern District of Indiana is proper. The parties' competing contentions in this regard are easily summarized. Plaintiffs

---

**1.** *See In Re AES Securities Litigation,* Civil Action No. 02–1485 (E.D.Va. December 12, 2002) (Order). A seventh subsequently filed action, *Hawkins v. AES Corp., et al.,* Civil Action No. 02–1775 (E.D.Va. December 4, 2002), was inadvertently omitted from the consolidation order, and is therefore included here in the term "consolidated actions."

**2.** Three of the Indiana actions involve a class of plaintiffs somewhat different from the class and class period alleged in the instant consolidated actions, but charge precisely the same defendants with concealing from the market essentially similar information concerning AES's United Kingdom operations and the adverse effect of new United Kingdom legislation. *See Stafford, et. al. v. Bakke, et al.,* Civil Action No. 02–1132 (S.D.Ind. July 23, 2002); *Patai v. Bakke, et al.,* Civil Action No. 02–1361 (S.D.Ind. September 3, 2002); *Grady v. Bakke, et al.,* Civil Action No. 02–1417 (S.D.Ind. September 12, 2002). Somewhat more distantly related are *Cole, et al. v. IPALCO Enters., et al.,* Civil Action No. 02–1470 (S.D.Ind. September 24, 2002); *Nelson, et al. v. IPALCO Enters., et al.,* Civil Action No. 02–0477 (S.D.Ind. March 29, 2002).

in this case allege that defendants engaged in an unlawful scheme artificially to inflate the price of AES stock and that defendants, in furtherance of that scheme, disseminated misleading statements to the investing public nationwide, including Indiana. Defendants point to this nationwide dissemination of the allegedly false and misleading materials as sufficient to support venue in the Southern District of Indiana. Plaintiffs, in contrast, argue that the mere act of disseminating the allegedly offending materials to Indiana is not enough; proper venue, plaintiffs contend, requires a showing that the materials were read and relied on in Indiana by an eligible class member.

## II.

The venue analysis properly begins with an examination of the terms of the governing statute. Thus, the Act provides that a securities fraud private action under the Act may be brought, *inter alia*, in "the district wherein any act or transaction constituting the violation occurred." 15 U.S.C. § 78aa; *see also, e.g., S–G Securities, Inc. v. Fuqua Investment Co.*, 466

F.Supp. 1114, 1121 (D.Mass.1978). This language is manifestly broad; it permits venue in all districts where "*any* act" constituting the violation occurred.[3] Appropriately, courts have consistently and sensibly construed the provision broadly, holding that the "venue-sustaining act need not constitute the core of the alleged violation, nor even be illegal, so long as it represents more than an immaterial part of the alleged violations." *S–G Securities*, 466 F.Supp. at 1121 (citations omitted).[4] More to the point, the case law uniformly supports the proposition that the alleged transmission of the misleading materials into the district is a venue-sustaining act under § 78aa. As more than one district court has put it: "Venue will be sustained in a securities case where a defendant causes false or misleading information to be transmitted into a judicial district, even if the defendant never has been physically present in that district." *John Nuveen and Co. v. New York City Hous. Dev. Corp.*, 1986 WL 5780 (N.D.Ill. May 9, 1986) (quoting *Oxford First Corp. v. PNC Liquidating Corp.*, 372 F.Supp. 191, 197 (E.D.Pa.1974)).[5]

---

**3.** It is instructive to contrast the breadth of this provision with the plainly narrower general venue provision. *See* 28 U.S.C. § 1391 (providing for venue in a district "in which a substantial part of the events or omissions giving rise to the claim occurred").

**4.** *See also Hilgeman v. National Ins. Co.*, 547 F.2d 298, 301 (5th Cir.1977) ("The 'act' contemplated by the statute need not be crucial, nor must the fraudulent scheme be hatched in the forum district.") (citations omitted); *Miller v. Asensio*, 101 F.Supp.2d 395, 404 (D.S.C. 2000) (citing *Hilgeman*); *Carty v. Health–Chem Corp.*, 567 F.Supp. 1, 2 (E.D.Pa.1982) (holding that one material act suffices); *First Federal Savings & Loan Assoc. of Pittsburgh v. Oppenheim, Appel, Dixon & Co.*, 634 F.Supp. 1341, 1350 (S.D.N.Y.1986) ("'[A]ny non-trivial act in the forum district which helps to accomplish a securities law violation is sufficient to establish venue.'").

**5.** *See also Firemen's Annuity & Benefit Fund of Chicago v. Union Planters Nat'l Bank*, 1987 WL 4990 (N.D.Ill. June 1, 1987) (same); *S–G Securities*, 466 F.Supp. at 1121 (holding that the "transmission of press releases into the district and the publication thereof within this district through the Wall Street Journal and the Dow Jones broad tape" was a material part of the claimed violation); *Mitchell v. Texas Gulf Sulphur Co.*, 446 F.2d 90, 106 (10th Cir.1971) (same); *Carty*, 567 F.Supp. at 2 (finding venue proper because allegedly misleading annual and quarterly reports and a prospectus were sent into the district); *In re Triton Ltd. Sec. Litigation*, 70 F.Supp.2d 678, 686–87 (E.D.Tex.1999) (finding venue proper because allegedly misleading press releases were sent into the district); *Kogok v. Fields*, 448 F.Supp. 197, 199 (E.D.Pa.1978) (finding venue proper "based on the mailing of proxy statements, quarterly and annual reports and prospectuses" into the forum).

In this case, the record clearly establishes that the allegedly misleading public filings and press releases were transmitted into the Southern District of Indiana. Thus, the record contains copies of two Indiana Business Journal articles containing information disseminated by AES, as well as press releases released by AES over the business wire, which reach a nationwide audience.[6] Indeed, in bringing a nationwide class action, plaintiffs themselves assert that AES's allegedly misleading materials were disseminated nationwide, and do not now attempt to argue that these materials were not disseminated in Indiana.

In arguing that venue requires a showing of reliance in Indiana, plaintiffs rely principally on *American High–Income Trust v. AlliedSignal, Inc.,* 2002 WL 373473 (D.Del. March 7, 2002). Specifically, plaintiffs quote language from the *American High–Income* opinion, stating that "the fact that SEC filings and related press releases could have been received and read in Delaware is insufficient to find that Delaware is a proper venue for the director defendants." *Id.* at *2. Additionally, plaintiffs contend that when courts have found jurisdiction under § 78aa based on the dissemination of false or misleading materials, they have, in fact, based their decision on an allegation by plaintiffs or an offering of proof that the materials were received and read by plaintiffs in the district.

This argument is unpersuasive. To begin with, plaintiffs misread *American High–Income.* That case focused not on whether there was a showing that any plaintiffs had read and relied on misleading statements in the forum state, but rather whether the plaintiffs there had alleged a link between the defendants in that action and the disseminated materials. The plaintiffs in *American High–Income* contended that the dissemination of materials by Breed Technologies, Inc. in Delaware established venue under § 78aa. The court disagreed, noting that Breed Technologies was not a defendant in the action[7] and that, significantly, there was no alleged connection between the misleading materials and the defendants. *Id.* at *2–3. In the court's words, plaintiffs did not allege that "any of the defendants in the present action received or read anything related to the alleged fraud in Delaware." *Id.* at *2. In short, the *American High–Income* holding hinges on whether any of *the defendants* read or received the allegedly false material, i.e. committed any act in the forum; that opinion does not hold that venue in a district under § 78aa requires evidence that a plaintiff must have read and relied on the misleading materials in that district.

---

*But see Miller,* 101 F.Supp.2d at 404–07 (finding venue improper when based solely on the access within the forum of information that was posted on the defendants' passive website located outside the forum). The *Miller* court's ruling hinges on a finding that the mere posting of such information on a passive website cannot constitute an "act" under § 78aa. *Id.* at 407.

**6.** The cases also make clear that the act of disseminating materials is not limited to the location where the information was released. *See, e.g., Mitchell,* 446 F.2d at 106 (forum proper in Utah based on materials published

in the Wall Street Journal and released on the Dow Jones broadtape). As noted in *Oxford,* press releases are "intended to be read and relied upon by people even outside the judicial district where [they are] issued, since the nature and function of a press release is to diffuse information." *Oxford,* 372 F.Supp. at 197.

**7.** Breed Technologies filed for bankruptcy ten months before the complaint was filed, and thus was not a party in the action, although three of its directors are included as defendants in the action. *See id.* at *1–2 n. 3.

Equally unpersuasive is plaintiffs' assertion that the cases upholding venue in a district uniformly involve plaintiffs who read and relied on the materials in that district. Although many cases involve such an allegation,[8] it does not follow that it is a statutory venue requirement. Significantly, none of the cases explicitly state that such reliance by plaintiffs in the district is required for venue under § 78aa. Moreover, at least one case clearly refutes plaintiffs' contention in this regard. In *Kogok v. Fields,* 448 F.Supp. 197 (E.D.Pa. 1978), venue was found to be proper in the Eastern District of Pennsylvania based *solely* on the mailing of materials to *nonparties* in that district, even though plaintiffs all resided in Washington D.C. and "[n]one of the shares of the TDA stock in question were purchased in the Eastern District of Pennsylvania." *Id.* at 198–99. On these facts, the *Kogok* court found that "the mailing of even one such material report into this district would be sufficient to sustain venue." *Id.* at 200.

Yet another reason for rejecting the contention that § 78aa requires reliance within the forum is plaintiffs' invocation of the fraud-on-the-market theory to establish reliance under the Act.[9] It would, in these circumstances, be illogical and inequitable to require reliance in the forum for venue purposes, but then to excuse plaintiffs from demonstrating specific reliance in connection with the merits. Put differently, plaintiffs' reliance on a fraud-on-the-market theory is fully consistent with construing § 78aa to allow suit to be brought in any forum to which the allegedly misleading material is disseminated. Such a construction of § 78aa also appropriately gives effect to the section's evident purpose, namely to allow courts "to gather complex securities litigation in a single forum." *Bolton v. Gramlich,* 540 F.Supp. 822, 846 (S.D.N.Y.1982).[10]

In sum, to establish venue under § 78aa defendants need only show that the allegedly false or misleading information was

**8.** *See, e.g., In re Triton,* 70 F.Supp.2d at 686 ("information … did enter [the district] and was relied on by persons [in the district.]"); *Carty,* 567 F.Supp. at 2–3 (plaintiffs allege receiving the information in the district); *Mitchell,* 446 F.2d at 95–96 (plaintiffs testified that they were aware of the information); *Oxford First,* 372 F.Supp. at 198 (defendants knew or had reasons to know that plaintiffs would rely on information); *Nuveen,* 1986 WL 5780 at *3–4 (defendants knew or should have known that plaintiffs would rely on the information); *Hilgeman,* 547 F.2d at 302 (plaintiff sent check in response to annual premium notice); *Firemen's Annuity,* 1987 WL 4990 at *2 (plaintiff responded to direct solicitation).

**9.** Ordinarily, plaintiffs alleging securities fraud under § 10(b) of the Act must show that they relied on the allegedly false or misleading statements. *See Longman v. Food Lion, Inc.,* 197 F.3d 675, 682 (4th Cir.1999). The fraud-on-the-market theory allows plaintiffs to rely on a presumption that the plaintiffs relied on the integrity of the market price, rather than showing that they directly relied on the statements. *See id.* at 682 n. 1 (citing *Basic*

*Inc. v. Levinson,* 485 U.S. 224, 244, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988)).

**10.** The *Miller* court, which declined to find venue based on the posting of the allegedly false information on a passive website, relied in part on the Fourth Circuit's ruling in *ESAB Group, Inc.,* which held that, in cases involving nationwide service of process, defendants must look "primarily to federal venue requirements for protection from onerous litigation." *Miller,* 101 F.Supp.2d at 405 (citing *ESAB Group, Inc. v. Centricut, Inc.,* 126 F.3d 617, 627 (4th Cir.1997)). The *Miller* court feared that applying § 78aa too broadly would "strip putative defendants of this protection." *Id.* at 405–06. Yet, this is not so. Even in a situation where venue is proper nationwide, defendants and plaintiffs can argue under § 1404(a) whether it is in the "interests of justice" or not to transfer the litigation to another forum, as they do here. This provides adequate protection against litigation in an unduly onerous forum, even where venue is effectively proper nationwide because of the nationwide dissemination of information.

transmitted into the Southern District of Indiana. This record plainly includes such a showing. Accordingly, venue is proper in the Southern District of Indiana under § 78aa, and thus that district is one "in which the action could have been brought" for the purposes of 1404(a). The question remains, of course, whether such a transfer under § 1404(a) furthers "the convenience of parties and witnesses" and is "in the interests of justice," as required by § 1404(a).[11]

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

---

11. Defendants' motion to transfer the consolidated actions was ultimately granted by Order dated January 16, 2003. *See In Re AES Corp.*

*Securities Litigation,* Civil Action No. 02–1485, 2003 WL 168408 (E.D.Va. Jan. 16, 2003) (Order).