Louise SHUMAN

v.

**COMPUTER ASSOCIATES INTERNATIONAL, INC.; Applied Data Research, Inc.; Joseph Heidt; Charlotte Heidt; Philip Berg and Robert Caughey.**

**Civ. A. No. 89–9023.**

United States District Court,
E.D. Pennsylvania.

April 25, 1991.

William C. Roeger, Maryann Q. Modesti, Perkasie, Pa., for plaintiff.

Fred D. Furman, Imogene E. Hughes, Philadelphia Pa., for Philip Berg.

Roger D. Susanin, Edward P. Lynch, King of Prussia, Pa., for Computer Assoc.

Stuart Wilder, Newtown, Pa., for Joseph and Charlotte Heidt.

Jane L. Dalton, Philadelphia, Pa., for Robert Caughey.

## MEMORANDUM

WALDMAN, District Judge.

Presently before the court is defendant Robert Caughey's Motion to Dismiss Plaintiff's Amended Complaint for improper venue, as well as other grounds. Defendant contends that venue is improper under both the RICO venue provision, 18 U.S.C. § 1965(a), and the general venue provision found in 28 U.S.C. § 1391(b).

Once the defendant has raised the defense of improper venue, the plaintiff bears the burden of proving that venue is proper. *See Bhatla v. Resort Development Corp.,* No. 86–7099, 1987 WL 28367 (E.D.Pa. Dec. 17, 1987) (1987 Lexis 11835); *Pocahontas Supreme Coal Co. v. National Mines Corp.,* 90 F.R.D. 67 (S.D.N.Y. 1981); *Wentling v. Popular Science Publishing Co.,* 176 F.Supp. 652 (M.D.Pa.1959); 5A C. Wright & A. Miller, Federal Practice and Procedure § 1352, at 265 (1990). In a case in which multiple defendants are joined, proper venue must be established as to each defendant. *Bhatla, supra,* at 2; *Eaby v. Richmond,* 561 F.Supp. 131, 140 n. 2 (E.D.Pa.1983); *ABC Great States, Inc. v. Globe Ticket Co.,* 310 F.Supp. 739, 743 (N.D.Ill.1970). Similarly, in a case in which multiple claims are joined, venue must be proper for each claim. 15 C. Wright & A. Miller, Federal Practice and Procedure § 3808 (1986).

The RICO venue provision, 18 U.S.C. § 1965(a), provides:

(a) Any civil action or proceeding under this chapter [18 U.S.C. §§ 1961 et seq.] against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.

 Defendant Caughey resides in New Jersey. There are no allegations which suggest that he "is found" or that he "transacts his affairs" in this district. The term "is found" has been construed to mean presence and continuous local activity. *See P & D Associates v. Karavangelos,* No. 88–6639 (E.D.Pa. March 7, 1989) (1989 Westlaw 21294) (citing *Wichita Federal Savings & Loan v. Landmark Group, Inc.,* 674 F.Supp. 321, 328 (D.Kan.1987)). A person transacts his affairs within a particular district when he regularly conducts business of a substantial and continuous nature within that district. *Hodgdon v. Needham–Skyles Oil Co.,* 556 F.Supp. 75, 78 (D.D.C.1982); *King v. Vesco,* 342 F.Supp. 120, 122 (N.D.Cal.1972); *Dody v. Brown,* 659 F.Supp. 541, 545 (W.D.Mo. 1987). Additionally, the RICO venue provision requires a showing that the individual defendant transacted his affairs on his own behalf and not merely on behalf of a corporation. *Rolls Royce Motors, Inc. v. Charles Schmitt and Co.,* 657 F.Supp. 1040 (S.D.N.Y.1987); *Payne v. Marketing Showcase, Inc.,* 602 F.Supp. 656, 659–660 (N.D.Ill.1985); *Bulk Oil (USA), Inc. v. Sun Oil Trading Co.,* 584 F.Supp. 36, 39–40 (S.D.N.Y.1983).

The RICO venue provision is supplemental to the general federal venue provision found in 28 U.S.C. § 1391. *Miller Brewing Co. v. Landau,* 616 F.Supp. 1285, 1291 (D.C.Wis.1985); *Levine v. Braxton,* No. 83–3901, slip op. (E.D.Pa., December 20, 1983). Section 1391(b) provides that:

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

Since the court's jurisdiction is not founded solely on diversity of citizenship and as two of the four individual defendants reside in New Jersey, a determination based on § 1391(b) that venue is proper in this district requires a finding that plaintiff's "claim arose" here. In determining where a claim arose, a number of courts have adopted the "weight of the contacts" test. *See Bhatla v. Resort Development Corp.,* No. 86–7099, 1987 WL 28367 (E.D.Pa. Dec. 17, 1987) (1987 Lexis 11835) (applying weight of contacts test in RICO case); *Eaby v. Richmond,* 561 F.Supp. 131 (E.D. Pa.1983) (applying weight of contacts test in RICO case); *Farmers Bank of the State of Delaware v. Bell Mortgage Corp.,* 452 F.Supp. 1278, 1281 (D.Del.1978) (applying weight of contacts test in RICO case); *Fox–Keller, Inc. v. Toyota Motor Sales, U.S.A., Inc.,* 338 F.Supp. 812 (E.D.Pa.1972) (applying weight of contacts test in antitrust case).

The Supreme Court addressed this issue in *Leroy v. Great Western United Corp.,* 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979). Plaintiff in *Leroy* was a Texas corporation attempting a tender offer for the stock of the defendant company with substantial assets in Idaho. Plaintiff filed suit in the Northern District of Texas to restrain Idaho officials from applying Idaho take-over statutes to prevent the tender offer. The district court found that venue was improperly laid under § 1391(b) but held that special venue provisions of Section 27 of the Securities Exchange Act of 1934 allowed the case to remain in Texas. The Fifth Circuit held that venue was proper under both § 1391(b) and § 27. The Supreme Court reversed, holding that venue was improper under both statutes.

The Court noted that the first test of venue, the residence of the defendants, "obviously" pointed to Idaho rather than Texas. 443 U.S. at 183, 99 S.Ct. at 2716. The Court continued:

In most instances, the purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial. For that reason, Congress

has generally not made the residence of the plaintiff a basis for venue in nondiversity cases. *But cf.* 28 U.S.C. § 1391(e) ...

Moreover, the plain language of § 1391(b) will not bear the Court of Appeals' interpretation. The statute allows venue in "the judicial district ... in which the claim arose." Without deciding whether this language adopts the occasionally fictive assumption that a claim may arise in only one district, it is absolutely clear that Congress did not intend to provide for venue at the residence of the plaintiff or to give that party an unfettered choice among a host of different districts. Rather, it restricted venue either to the residence of the defendants or to "a place which may be more convenient to the litigants"—i.e., both of them—"or to the witnesses who are to testify in the case." S.Rep. No. 1752, 89th Cong., 2d Sess., 3 (1966). In our view, therefore, the broadest interpretation of the language of § 1391(b) that is even arguably acceptable is that in the unusual case in which it is not clear that the claim arose in only one specific district, a plaintiff may choose between those two (or conceivably even more) districts that with approximately equal plausibility—in terms of the availability of the witnesses, the accessibility of other relevant evidence, and the convenience of the defendant (but *not* of the plaintiff)—may be assigned as the locus of the claim.

This case is not, however, unusual. For the claim involved has only one obvious locus—the District of Idaho.

*Id.* at 183–85, 99 S.Ct. at 2716–17. (footnotes and citations omitted) (emphasis in original).

While *Leroy* did not set forth a precise standard for deciding where a "claim arose," a leading authority states that "the

opinion can most reasonably be read as applying a test that looks to the weight of the contacts between the claim and a particular district." 15 C. Wright & A. Miller, Federal Practice and Procedure § 3806, at 61 (1986).

*Leroy* has been applied recently in a RICO case in this circuit. In *Juliano v. Kane,* 701 F.Supp. 492, 494–95 (D.N.J. 1988), the New Jersey plaintiff alleged that the Pennsylvania defendant had sent numerous written certifications to the plaintiff in New Jersey fraudulently to induce him to accept payments lower than those due under a lease. The court determined that the District of New Jersey could not be the locus of plaintiff's claims. The court further noted that, as in *Leroy,* there was one obvious locus—the Eastern District of Pennsylvania and the court therefore transferred the case to that court.[1]

Similarly, the court in *Bhatla, supra* at 3, found that the weight of the contacts test was not satisfied where the defendants had allegedly mailed fraudulent documents into the forum state. *See also Follett College Stores Corp. v. Fernandez,* 587 F.Supp. 1051, 1054 (N.D.Ill.1984); *Miller Brewing Co. v. Landau,* 616 F.Supp. 1285 (D.C.Wis.1985).

■ In the present case, it is clear that the weight of the contacts underlying plaintiff's claims points substantially and obviously to the District of New Jersey. Plaintiff worked in New Jersey for the New Jersey defendant corporation where she claims she was sexually harassed and alternatively defrauded and extorted of sexual favors during the course of her employment. Plaintiff does not specify in her amended complaint that any pertinent acts occurred in this district. In her brief, plaintiff states that on at least one occasion, defendant Joseph Heidt "demanded

---

1. The court in *Juliano* disagreed with the court in *Eaby* insofar as it held that venue was proper in a RICO case under § 1391(b) where defendant sent letters to plaintiff in the forum state. The court in *Juliano* noted that the reliance in *Eaby* on *Lieb v. American Pacific International, Inc.,* 489 F.Supp. 690 (E.D.Pa.1980) was inappropriate because jurisdiction in *Lieb* was premised solely upon diversity and, therefore, the venue provision of § 1391(a), not § 1391(b), applied. The court in *Juliano* correctly noted that the distinction is crucial because under § 1391(a) a civil action premised solely on diversity may be brought in the district where all plaintiffs reside but under § 1391(b) venue does *not* lie where the plaintiffs reside. 701 F.Supp. at 495.

sex" from her somewhere "in Pennsylvania." Applying *Leroy* and the more recent cases in this circuit to the facts here, the court finds that the locus of plaintiff's claim is the District of New Jersey.

Plaintiff alternatively asks the court to find that the "ends of justice" require that this case be heard in this district pursuant to § 1965(b). Section 1965(b) permits a court to require parties residing elsewhere to be brought before it "if it is shown that the ends of justice require it." 18 U.S.C. § 1965(b). In determining whether an "ends of justice" finding should be made, a substantial factor to be considered is whether an alternative forum exists where venue would be proper as to all defendants. *Bhatla, supra* (citing *Butcher's Local Union Local No. 498, United Food and Commercial Workers v. SDC Investment, Inc.,* 788 F.2d 535 (9th Cir. 1986); *Rolls Royce Motors, Inc. v. Charles Schmitt & Co.,* 657 F.Supp. 1040, 1058, n. 13 (S.D.N.Y.1987); *cf. Miller Brewing Co. v. Landau,* 616 F.Supp. at 1285, 1290; *Soltex Polymer Corp v. Fortex Industries, Inc.,* 590 F.Supp. 1453, 1459 (E.D.N.Y. 1984); *Farmers Bank of State of Delaware v. Bell Mortgage Corp.,* 452 F.Supp. 1278, 1282 n. 8 (D.Del.1978)). In the present case, it is clear that the District of New Jersey is such an alternative forum. Plaintiff has not identified any specific factor which would suggest that the "ends of justice" require defendants to appear in this district.

The court finds that venue is not proper as to defendant Caughey in this action under either 18 U.S.C. § 1965 or 28 U.S.C. § 1391(b). The court may dismiss the complaint as to this defendant or transfer the action to a district in which it could have been brought. 28 U.S.C. § 1406(a). This action clearly "could have been brought" in the District of New Jersey, where venue as to all defendants is proper.

Only defendant Caughey, however, has filed a motion under Fed.R.Civ.P. 12(b)(3). The other individual defendants have waived this defense. *See* Fed.R.Civ.P. 12(h).

In their answers, the corporate defendants respond to plaintiff's allegation of venue with assertions that the causes of action alleged against them did not arise in this district. Accordingly, they have preserved this defense pursuant to Rule 12(h)(1)(B).

Plaintiff has asserted only Title VII claims against these defendants based on their alleged failure to supervise or take corrective action against the individual defendant employees. A Title VII case can be maintained only in a district in the state where the alleged unlawful employment practice occurred, where employment records relevant thereto are maintained or where the employer maintains his principal office.[2] 42 U.S.C. § 2000e–5(f)(3). Plaintiff's reliance for venue on 28 U.S.C. § 1391 is misplaced. *See Stebbins v. State Farm Mutual Automobile Insurance Co.,* 413 F.2d 1100, 1102 (D.C.Cir.), *cert. denied,* 396 U.S. 895, 90 S.Ct. 194, 24 L.Ed.2d 173 (1969); *Trujillo v. Total Business Systems, Inc.,* 704 F.Supp. 1031, 1032 (D.Colo. 1989); *Thurmon v. Martin Marietta Data Systems,* 596 F.Supp. 367, 368 (M.D.Pa. 1984). While preserving this defense, the corporate defendants have not filed motions to dismiss on this ground and plaintiff has not specifically addressed this apparent deficiency. Accordingly, the plaintiff will be given fifteen (15) days to show cause why her Title VII claims should not be dismissed or to request a transfer to the District of New Jersey pursuant to 28 U.S.C. § 1406(a).

In these circumstances, it is appropriate to give the plaintiff an opportunity to keep her case intact and to avoid multiple litigation. *See ABC Great States, supra* at 744 (severing and transferring defendants as to whom venue was mislaid). *See also Wyndham Associates v. Bintliff,* 398 F.2d 614, 618 (2d Cir.), *cert. denied,* 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968); *Doelcher Products, Inc. v. Hydrofoil International, Inc.,* 735 F.Supp. 666 (D.Md.1989); *Nation-*

---

**2.** In the case of someone who was improperly denied employment, an action may be maintained in the district in which the person would have been employed.

*al Union Fire Insurance Co. v. Chua,* 1991 WL 60385, 1991 U.S.Dist. LEXIS 4281 (S.D.N.Y. Apr. 4, 1991); *Mida Manufacturing Company v. Femic, Inc.,* 539 F.Supp. 159 (E.D.Pa.1982) (where venue mislaid, defendants' motions to dismiss granted unless plaintiff promptly filed a motion to transfer under § 1406(a)).

Accordingly, plaintiff's claims against defendant Caughey will be dismissed unless plaintiff files within fifteen (15) days of the date of this Order a motion pursuant to 28 U.S.C. § 1406(a) to transfer such claims or, if she prefers, the entire action to the District of New Jersey. Given this disposition, the court need not address the other grounds for dismissal asserted in defendants' motion.