Kathleen M. EASTMAN, Jan Koontz, Susanne Koontz, h/w, Dean R. Brown, Sherre R. Brown, h/w, Gary La Fountain, Ruth La Fountain, h/w, John Dempsey, Kathleen J. Dempsey, h/w, Lawrence J. Sielski, Lynn Sielski, h/w, Glenn Huie, Cathy Huie, h/w, Thomas R. Ganshaw, Elaine K. Ganshaw, h/w, W. Curtis Smith, Robert Phillips, Donna Phillips, h/w, Thomas Mills, Debra J. Mills, h/w, Ronald F. Kearns, Thomas J. McCann, M. Susan McCann, h/w, Mark Bremer, Melanie Bremer, h/w, Roger S. Aumick, Danny Logue,

v.

INITIAL INVESTMENTS, INC., Custom Tees, Inc., Ro–Tra, Inc., Plus PMT, Inc., The Plus Companies, Printer's Tees, Inc., TSP Realty, Carl Lawrence Meyer a/k/a Lawrence Meyer a/k/a Larry Meyer a/k/a C. Larry Meyer, Vern Stewart, Steve Truett, Ray Attebery, David Byrd, Summit Investments, Inc., Robinson Springs, LC.C., Norris Investments, IOMS, L.C.

Civ. A. No. 92–7162.

United States District Court, E.D. Pennsylvania.

July 26, 1993.

Craig R. Tractenberg, Deborah S. Weiss, Abraham, Pressman & Bauer, P.C., Philadelphia, PA, Jonathan Glenn Granoff, Bala Cynwyd, PA, for plaintiffs.

James J. Rohn, Patricia M. Hamill, Conrad, O'Brien, Gellman & Rohn, P.C., Philadelphia, PA, for defendants.

## *MEMORANDUM—ORDER*

ANITA BRODY, District Judge.

I am asked to decide: (1) whether venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) where at the time the cause of action arose all defendants were citizens of Texas and no substantial part of the claim arose in Pennsylvania; and (2) whether venue here is nevertheless proper under 18 U.S.C. § 1965, the special venue provision for cases brought under the Racketeering and Corrupt Organizations ("RICO") statute. I find that venue here is not proper under § 1391(b), that defendants' connection with this district is insufficient to establish venue under § 1965(a), and that "the ends of justice" do not warrant my exercising nationwide venue here under § 1965(b).

■ Twenty-seven plaintiffs brought this suit in the Eastern District of Pennsylvania against sixteen defendants. Twelve of the plaintiffs are residents of Pennsylvania (Complaint, at ¶ 1); all nine corporate defendants are citizens of Texas (Complaint, at ¶ 2), and four of the five individual defendants are presently citizens of Texas. (Complaint, at ¶ 3; Memorandum of Law in Support of Defendants' Motion to Dismiss or Transfer, at Exhibits 2–5, ¶ 2 and Exhibits 6–15, ¶ 3). The last of the individual defendants is alleged to have been a citizen of Texas at the time the cause of action arose, but subsequently moved to Michigan. *See* Defendants' Motion for Dismissal or Transfer, at p. 3, n. 3. Service has not been made on that defendant at this point in the litigation. *See* Defendant Attebery's Motion to Dismiss, at p. 1, and Tractenberg Affidavit in Support of Plaintiffs' Cross–Motion to Enlarge Time for Service, at ¶¶ 5, 11, 12. Defendants moved to dismiss the complaint or, in the alternative, to transfer the action to the Western District of Texas.

Plaintiffs' RICO complaint alleges, *inter alia*, a scheme of "usurpation" and "transfer" of funds among the defendant Texas corporations. (Complaint, at ¶¶ 10, 11). Plaintiffs allege that the individual defendants made misrepresentations both orally and in their written offering circulars, (Complaint, at ¶¶ 13–19), and that the misrepresentations were directed by mail and telephone from the defendants in Texas at the plaintiffs in eight different states, including Pennsylvania. (Complaint, at ¶¶ 13–20).

Defendants assert both lack of personal jurisdiction and lack of venue. Because the venue issue is unambiguous and dispositive, I shall reverse the "normal order" of consider-

ation and address venue first. *See Leroy v. Great Western United Corp.*, 443 U.S. 173, 180, 99 S.Ct. 2710, 2715, 61 L.Ed.2d 464 (1979); *Leech v. First Commodity Corp. of Boston*, 553 F.Supp. 688 (W.D.Pa.1982).

Under the general venue statute for federal question cases, venue must be based in a district in which any defendant resides, if all defendants reside in the same state; in a district in which a substantial part of the events giving rise to the claim occurred; or in a district in which any defendant is found, if there is no district in which the action otherwise may be brought. 28 U.S.C. § 1391(b). Obviously, the first and third tests of the general venue statute point to Texas rather than Pennsylvania. The only possible basis for venue of plaintiffs' claims in Pennsylvania under the general venue statute, therefore, would be that a substantial part of the claims arose in Pennsylvania. Under the "weight of the contacts" test applied in making such determinations, *see Leroy*, 443 U.S. at 173, 99 S.Ct. at 2710; *Shuman v. Computer Assocs. Int'l., Inc.*, 762 F.Supp. 114, 116 (E.D.Pa.1991) (citing *Bhatla v. Resort Development Corp.*, 1987 WL 28367 (E.D.Pa.1987)), I find that the contacts between plaintiffs' claim and the Western District of Texas clearly outweigh contacts with the Eastern District of Pennsylvania. *Compare Juliano v. Kane*, 701 F.Supp. 492, 494–95 (D.N.J.1988) (New Jersey venue improper under weight-of-the-contacts test where New Jersey RICO plaintiff alleged that Pennsylvania defendant sent numerous written fraudulent certifications to plaintiff in New Jersey); *Bhatla*, 1987 WL 28367 (weight of the contacts test not satisfied where defendants allegedly mailed fraudulent documents into the forum state).

■ The RICO statute has its own venue provision, which is supplementary to the general venue statute. *Shuman*, 762 F.Supp. at 116; *Private Label, Ltd. v. Inoff, et al.*, 1993 WL 120323 (E.D.Pa. April 16, 1993). Under 18 U.S.C. § 1965(a), venue is proper in RICO cases in a district where the defendant resides, is found, has an agent, or transacts his

affairs. With respect to defendants' connections with the Eastern District of Pennsylvania, plaintiffs aver that correspondence and telephone calls from defendants were received in Pennsylvania, *see* Plaintiffs' Response to Defendants' Motion to Dismiss, Eastman Affidavit at ¶¶ 2–3; Phillips Affidavit at ¶¶ 2–7, 9; La Fountain Affidavit at ¶¶ 2, 4–8; Whitehall Affidavit at ¶¶ 2–3, that defendant Steve Truett attended an event in Pennsylvania, *see* La Fountain Affidavit at ¶ 3, and that Truett and defendant David Byrd were seen together at a trade show in Pennsylvania. *See* Phillips Affidavit at ¶ 8. I find these contacts insufficient to establish that defendants were "found" or "transacted affairs" in the Eastern District of Pennsylvania for purposes of establishing venue here pursuant to § 1965(a). *See Shuman v. Computer Assocs. Int'l., Inc.*, 762 F.Supp. 114, 116 (E.D.Pa.1991) ("The term 'is found' has been construed to mean presence and continuous local activity. [Further, a] person transacts his affairs within a particular district when he regularly conducts business of a substantial and continuous nature within that district").

■ The special RICO venue statute also provides for nationwide venue in cases brought under section 1964 of the statute [1] where it can be shown that "the ends of justice require" such a result. 18 U.S.C. § 1965(b). In the instant case, plaintiffs' principal argument is that the ends of justice will be jeopardized if plaintiffs' choice of forum is disregarded. *See* Plaintiffs' Response to Defendants' Motion to Dismiss, at pp. 16–17. While I acknowledge that a plaintiff's choice of forum is a factor in venue determinations, *see, e.g., Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir.1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971); *Resorts Int'l v. Liberty Mut. Ins. Co.*, 813 F.Supp. 289 (D.N.J.1992), "the ends of justice" will hardly be threatened if I decline to exercise nationwide jurisdiction under section 1965(b) where venue is clearly proper as to every defendant in another district under section 1391(b). *See, e.g., Southmark Prime*

---

1. Section 1964(c) provides for private causes of action for violations of section 1962. Plaintiffs in this case allege violations of § 1962, thereby invoking the nationwide venue provision of § 1965(b).

*Plus, L.P. v. Falzone,* 768 F.Supp. 487, 491 (D.Del.1991) (refusing to exercise nationwide venue under § 1965(b) where requirements of § 1391(b) clearly establish venue elsewhere).

For the foregoing reasons, it is hereby **ORDERED** this 26th day of July 1993 that venue in the Eastern District of Pennsylvania is improper. It is **FURTHER ORDERED** that the Clerk of Court shall transfer this case to the Western District of Texas.