John KUNKLER, Plaintiff,

v.

PALKO MANAGEMENT CORP., t/a
Palko Continental and Richard A.
Palko, individually, Defendants.

No. Civ.A. 97–4910.

United States District Court,
E.D. Pennsylvania.

Feb. 12, 1998.

James F. Wiley, Margolis Edelstein, Phila-
delphia, PA, for plaintiff.

Kevin D. Sheehan, Matteo & Belko,
Moorestown, NJ, for defendants.

## MEMORANDUM

JOYNER, District Judge.

Presently before the Court is Defendants,
Palko Management Corporation ("Palko")
and Richard A. Palko's ("Richard Palko"),
Motion to Dismiss Plaintiff, John Kunkler's,
Complaint based on, among other things, im-
proper venue. For the following reasons,
this Court finds that venue is improper in the
Eastern District of Pennsylvania. However,
we will not dismiss the case; rather, we will
transfer this action to the proper venue in
the United States District Court for the Dis-
trict of New Jersey.

## BACKGROUND

Plaintiff's Complaint alleges three Counts.
Count I is a claim for a civil violation of the
Racketeer Influenced and Corrupt Organiza-
tions Act ("RICO"), 18 U.S.C.A. § 1961, *et
seq.;* Count II alleges a Breach of Contract
Claim; and Count III is a claim for Fraud.
Plaintiff was employed by defendants as a
salesperson with a compensation plan that

provided for salary plus commission and/or a bonus. Plaintiff alleges that defendants created a scheme whereby they adjusted the accounting reports from which payments of commissions were generated so that employees were not paid commissions that were owe and due them but were rather paid lower commissions based on the fraudulent accounting reports. Plaintiff maintains that defendants utilized both the United States mails and wires to succeed with this scheme.

Plaintiff and defendants all reside in New Jersey. Corporate defendant, Palko, is a New Jersey corporation with its principal place of business in New Jersey, and plaintiff was hired in New Jersey.

## I. Venue

■ Defendants argue that Plaintiff's Complaint should be dismissed because venue is improper under the specific venue provision created by RICO, 18 U.S.C.A. § 1965. In response, plaintiff does not maintain that his claim arose in the Eastern District of Pennsylvania so as to satisfy the general venue provision in 28 U.S.C. § 1391(b),[1] but rather maintains that venue is proper in this District under the RICO provision since defendants "transact their affairs" in this District. Specifically, plaintiff maintains that some of the commissions for which he was not paid were earned through work performed in Pennsylvania on behalf of defendants and that defendants directed some correspondence related to their fraudulent scheme into Pennsylvania.

■ Our Court of Appeals has held that the burden of proof when improper venue is raised properly rests with the movant. *Myers v. American Dental Ass'n*, 695 F.2d 716, 724 (discussing distinction between proper burden when jurisdiction is challenged as opposed to venue). Where there is more than one defendant, proper venue must be shown for each defendant. *Private Label, Ltd. v. Inoff*, 1993 WL 120323, *5 (E.D.Pa.); *Bhatla v. Resort Development Corp.*, 1987 WL 28367, *1 (E.D.Pa.). The specific venue provision in RICO provides, in pertinent part, that venue is proper in "any district in which [the defendant] resides, is found, has an agent, or transacts his affairs." 18 U.S.C.A. § 1965(a). Under the RICO provision, "a person transacts his affairs within a particular district when he regularly conducts business of a substantial and continuous nature within that district." *Shuman v. Computer Associates International, Inc.*, 762 F.Supp. 114, 116 (E.D.Pa.1991) (citations omitted); *see also Eastman v. Initial Investments, Inc.*, 827 F.Supp. 336, 338 (E.D.Pa. 1993); *Bhatla*, 1987 WL 28367 at *2. Further, "the RICO venue provision requires a showing that the individual defendant transacted his affairs on his own behalf and not merely on behalf of a corporation." *Shuman*, 762 F.Supp. at 116; *see also Bhatla*, 1987 WL 28367 at *2.

Defendants admit that the corporate defendant, Palko, does conduct business in the Eastern District of Pennsylvania. However, defendants maintain that the individual defendant, Robert Palko, does not transact affairs on his own behalf in the Eastern District of Pennsylvania. To support this contention, defendants have offered the undisputed affidavit of Richard Palko, which provides that he is a resident of New Jersey, is registered to vote in New Jersey, works in New Jersey, regularly conducts his personal affairs within New Jersey, and does not maintain a residence or have an agent in Pennsylvania. (D.'s Mot. to Dis. at Ex. A—Aff. of Richard Palko).

Plaintiff does not allege that the individual defendant, Richard Palko, transacts any business affairs on his own behalf in Pennsylvania. (Pl.'s Resp. at 6). Instead, plaintiff

---

**1.** The RICO venue provision is not exclusive, but rather serves to supplement the general venue provision in 28 U.S.C.A. § 1391(b). *See S.D. Warren Co. v. Engelman*, 1988 WL 97661, *4 (E.D.Pa.). The general venue statute provides, in pertinent part, that in cases where jurisdiction is not based solely on diversity, venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State,

[or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...." 28 U.S.C.A. § 1391(b). As it has been shown that defendants do not reside in Pennsylvania, in order for venue to be proper under § 1391(b), a substantial part of plaintiff's claim would have to arise in Pennsylvania. Neither party has argued that this venue provision is applicable.

argues that the Third Circuit decision in *Jaguar Cars, Inc. v. Royal Oaks Motor Car, Co.,* 46 F.3d 258 (3d Cir.1995), voids the requirement that proper venue must be shown, separate from the corporation, on behalf of the individual defendant acting through the corporation. Plaintiff maintains that post *Jaguar,* if the corporate defendant meets the venue requirement, as Palko does in the instant case, that is sufficient to establish proper venue over the individual defendant who was acting through the "enterprise vehicle." However, this Court finds that the *Jaguar* decision does not affect the venue provision of § 1965(a). *Jaguar* concerns the ability to bring suit against a "person" under 18 U.S.C.A. § 1962(c), but does not discuss or attempt to change the venue requirements these "persons" must meet under 18 U.S.C.A. § 1965(a).

Thus, this Court finds that defendants have met the burden of showing that the individual defendant, Robert Palko, does not conduct substantial and continuous business affairs on his own behalf in Pennsylvania as required by 18 U.S.C.A. § 1965(a). As the substantial and continuous business affairs test of § 1965(a) is not satisfied as to both defendants, we find that the Eastern District of Pennsylvania is not the proper venue.

## II. Transfer

■ Since venue is improper in the United States District Court for the Eastern District of Pennsylvania, plaintiff requests that this Court transfer the case to the United States District court for the District of New Jersey rather than dismiss the case.

Transfer of a case that was filed in the wrong district is governed by 28 U.S.C.A. § 1406(a). *See Jumara v. State Farm Insurance Co.,* 55 F.3d 873, 878–79 (3d Cir. 1995) (discussing distinction between §§ 1404 and 1406). Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Therefore, since both defendants reside in New Jersey, as would satisfy the general venue requirements of 28 U.S.C.A. § 1391, and since both defendants conduct substantial and continuous business affairs in New Jersey, as would satisfy the specific venue requirements of RICO, 18 U.S.C.A. § 1965(a), New Jersey is a district in which this case could have been brought. Therefore, in the interest of justice, this Court will transfer this case to the proper venue in the United States District court for the District of New Jersey.

## III. Conclusion

An appropriate Order follows.

### ORDER

AND NOW, this 12th day of February, 1998, upon consideration of Defendants' Motion to Dismiss Plaintiff's Complaint and Plaintiff's Response thereto, it is hereby ORDERED that the Motion is DENIED.

It is further ORDERED, having found that the interest of justice warrants a transfer, that the Clerk of Court is hereby directed to TRANSFER this case to the Clerk of Court for the United States District Court for the District of New Jersey.