**Pamela Norris SCHREIBER, Plaintiff,**

v.

**W. E. HUTTON & CO. et al.,
Defendants.**

**Civ. A. No. 74-263.**

United States District Court,
District of Columbia.

Sept. 13, 1974.

Ronald L. Goldfarb, Jeffrey L. Squires, Goldfarb & Singer, Washington, D.C., for plaintiff.

C. William Taylor, Richard L. Sippel, Sachs, Greenebaum & Taylor, Washington, D.C., for defendant Fornacca.

Harry Heller, Simpson, Thacher & Bartlett, Washington, D.C., for defendant Bremme; James J. Hagan, Lindsay A. Lovejoy, Jr., New York City, of counsel.

## MEMORANDUM

SIRICA, District Judge.

This case comes before the Court on the motions filed by two of the defendants to dismiss the cause against them.

Plaintiff Pamela Schreiber, an American citizen residing in Rome, Italy, filed this complaint on February 11, 1974, naming as defendants the W. E. Hutton & Co.; Preston Mulford, a General Partner of the Hutton Company; Christian Bremme, an account executive of the Hutton Company's Rome, Italy office; and John Fornacca, the manager of the Hutton Company's Rome office. The complaint charges defendants with "churning" and other common-law and statutory wrongdoing in violation of certain statutory provisions and enforcing regulations of the Securities Act of 1933, 15 U.S.C. § 77a et seq., and the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq.

Defendants John Fornacca and Christian Bremme have filed motions to dismiss because of improper venue. Additionally, defendant Bremme also seeks dismissal on the ground that this court lacks personal jurisdiction over him. Counsel for these two defendants and for the plaintiff have filed exhaustive memoranda on the issues raised by these motions, and a hearing was held on July 24, 1974.

Plaintiff contends that this district is the proper one in which to bring this suit. Venue in this case is based on the broad venue provisions of Section 27 of the 1934 Act, 15 U.S.C. § 78aa. In particular, plaintiff relies on that part which provides for venue "in the district wherein the Defendant is found or is an inhabitant or transacts business." *Id.* Noting that two of the defendants were found or are doing business here in the District of Columbia, and the propriety of venue as to them not being challenged, plaintiff relies on the co-conspirator theory for venue with respect to the other two defendants. Citing S.E.C. v. National Student Marketing, Corp., 360 F.Supp. 284 (D.D.C.1973) and In re

Penn Central Securities Litigation, 338 F.Supp. 438 (E.D.Pa.1972), plaintiff asserts that venue is proper as to all defendants in a securities fraud case if it is valid as to any of them.

 However, as counsel for the movants very clearly pointed out, venue based on the co-conspirator theory requires that at least one of the alleged conspirators perform an act or transaction in furtherance of the conspiracy in the forum district. In such case, the act of one is deemed to be the act of all the co-conspirators and venue is established as to all of them in that district.

But the co-conspirator theory of venue does not support venue as to all the defendants in such a case as this, where one of the defendants merely is found, or inhabits, or transacts business in the district. The very cases plaintiff relies upon so indicate.

The Court in In re Penn Central Securities Litigation, *supra,* at 440, stated that:

"[V]enue is proper as to all defendants in any district where it is alleged that any one defendant has committed acts that are violative of the [Securities Exchange A]ct and in furtherance of the alleged illegal scheme."

Judge Parker of this district acted with a similar understanding of the co-conspirator theory in S.E.C. v. National Student Marketing, Corp., *supra.* In holding that venue was proper under the co-conspiracy theory, he noted that the complaint "enumerates several significant material acts in furtherance of the alleged fraudulent scheme which occurred during the relevant time in the District of Columbia." *Id.,* 360 F.Supp. at 292. And he noted: "The events which transpired in the District of Columbia . . . are sufficient to establish venue in this forum as to all defendants." *Id.* at 293.

No other grounds for venue here have been suggested by the plaintiff. It thus appears that defendants' motions for dismissal on the grounds of improper venue are well founded, and the Court will grant the motions to dismiss on these grounds. Although the Court is not called upon to decide the matter, it would appear that venue might lie in the Southern District of New York. In fact, defense counsel indicated to the same effect during oral argument.

Defendant Bremme's further argument for dismissal because of lack of sufficient contacts with the forum to justify personal jurisdiction need not be reached.

Counsel for the defendants will present to the Court an appropriate Order.