**D. James and Patsy Ann HILL, Plaintiffs,**

v.

**Norman E. TURNER and Wayne Miller, Defendants.**

**Civ. No. 78–1197.**

United States District Court, M. D. Pennsylvania.

Jan. 15, 1980.

John D'Angelo, John J. Markwardt, Philadelphia, Pa., Michael Bull, Lancaster, Pa., for plaintiffs.

James P. Harris, Wilkes Barre, Pa., Franklin Poul, Philadelphia, Pa., Bernard A. Ryan, Jr., Harrisburg, Pa.; Arthur E. Newbold, IV, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

### I. INTRODUCTION

On December 5, 1972, Norman E. Turner contracted to transfer his entire interest in Dawson Homes, Inc. to D. James Hill and to "recommend to all other . . . Shareholders that they also sell to Hill under similar terms.[1] *See* Exhibit B attached to Document 1 of the Record. The instant action arises from this agreement. According to the plaintiffs (the "Hills"), Turner misrepresented the actual financial condition of Dawson Homes in violation of the Securities Exchange Act of 1934 ("1934 Act"). The Hills contend that by relying on these falsehoods they were damaged to the extent of $246,169.00. Defendant Miller, moreover, is accused of aiding and abetting the swindle.

Presently under consideration is a motion by Miller (the "movant") to grant judgment on the pleadings or, in the alternative, to transfer the action to the Federal District Court for the Eastern District of Pennsylvania. The plaintiffs oppose the former but join in the latter. Turner, conversely, asserts no position concerning the first issue and takes a contrary stand on the second. The motion shall be denied in both respects.

### II. JUDGMENT ON THE PLEADINGS

Miller argues that this court lacks jurisdiction over him. According to 15 U.S.C. § 78aa:

> The district courts of the United States, and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and regulations

---

1. Turner owned approximately fifty-eight percent of the outstanding common stock in Dawson Homes.

thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder. Any criminal proceeding may be brought in the district wherein any act or transaction constituting the violation occurred. Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.

. . .

The movant contends that since he does not reside, transact business, or stand accused of committing a securities violation in the Middle District of Pennsylvania, the case against him should be dismissed for want of jurisdiction. This characterization of the statute is incorrect.

The first sentence of 15 U.S.C. § 78aa vests jurisdiction of a suit to vindicate 1934 Act rights in the federal district courts. But the portion of the provision on which the movant relies involves venue, not jurisdiction. *Radzanower v. Touche Ross & Company*, 426 U.S. 148, 150, 96 S.Ct. 1989, 1991, 48 L.Ed.2d 540 (1976). Therefore, Miller cannot in any event be granted judgment on the pleadings. The real question is whether or not the court must dismiss or transfer the case for failure to lay proper venue.

The complaint accuses the movant of the following actions: (1) introducing Turner to Hill, (2) encouraging Hill to deal with Turner, (3) arranging meetings between the two parties and entering the discussions in order to further the possibility of agreement, and (4) intentional deception of the Hills which "did thereby aid and abet . . . Turner in his use of manipulative and deceptive devices and contrivances." *See* Document 1 of the Record at 3. A fair reading of these allegations undermines Miller's motion.

Under § 78aa, venue is appropriate in any district where the defendant committed an "act" of "material importance to consummation of the scheme." *Hilgeman v. National Insurance Company of America*, 547 F.2d 298, 301 (5th Cir. 1977). *See also Bath Industries, Inc. v. Blot*, 427 F.2d 97, 114 (7th Cir. 1970). In the instant situation, the contract of December 5, 1972 for the sale of Dawson Homes stock supposedly occurred in Wilkes-Barre. Thus, venue against Turner is proper, because if plaintiffs' charges are true, the former effected a very important part of the swindle in this District. Furthermore, in a suit which alleges conspiracy to violate the securities laws, "if venue is established for any of the defendants in the forum district there is sufficient justification to establish venue as to the other defendants, even in the absence of any contact or substantial contact by any one defendant with that district."[2] *Securities & Exchange Commission v. National Student Marketing Corporation*, 360 F.Supp. 284, 291–92 (D.D.C.1973). On this basis, the establishment of proper venue against Turner necessarily subjects Miller to suit in our court.

*National Student Marketing* is persuasive for two reasons. First, the "co-conspiracy" theory of extended venue is widely accepted. *See Hilgeman v. National Insurance Company of America*, 547 F.2d at 302; *Sargent v. Genesco, Inc.*, 492 F.2d 750, 758–59 (5th Cir. 1974); *Wyndham Associates v. Bintliff*, 398 F.2d 614, 620 (2d Cir. 1968), *cert. denied*, 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968); *Texas Gulf Sulphur Company v. Ritter*, 371 F.2d 145, 148–49 (10th Cir. 1967). Second, the principle coincides well with the language and judicial interpretation of the statute. As has been noted, § 78aa states that venue may lie in a district where "any act or transaction constituting the violation occurred." This "act" need not be the entire wrongdoing; anything of "material importance to con-

**2.** Footnote omitted.

summation of the scheme" will suffice. *Hilgeman v. National Insurance Company*, 547 F.2d at 301; *Bath Industries, Inc. v. Blot*, 427 F.2d at 114. When two or more individuals cooperate in a securities swindle, they essentially bring about the same transgression of the 1934 Act. Thus, if an instance of such material wrongdoing occurs in a particular district, venue should exist for all conspirators, because part of the common violation took place there. *See Zorn v. Anderson*, 263 F.Supp. 745, 748 (S.D. N.Y.1966).

■ The movant has never disputed the validity of the *National Student Marketing* rule. Rather, he has attempted to distinguish it on the grounds that the instant complaint does not make sufficient allegations of a conscious conspiracy to qualify for the extended venue provision. The court cannot agree with this claim. A fair reading of the complaint indicates that Miller is accused of knowingly aiding and abetting Turner in defrauding the Hills. The movant supposedly took part in the scheme for his own purpose. This degree of assistance certainly satisfies the *National Student Marketing* doctrine.

■ Miller, of course, has attempted to convince the court that he and Turner are charged with perpetration of two independent schemes to swindle the plaintiff. This construction of the complaint has been rejected, but its acceptance would not have changed the result of this ruling. Had the Hills alleged two separate frauds, they in effect would have asserted that Miller had carried out *his* violation *through* Turner. For the purposes of the former's wrongdoing, the latter would have been an agent rather than a co-conspirator. In that event, the movant would still be charged with commission of a transgression of the securities laws in our district; namely, Turner's signing of the stock purchase contract in Wilkes-Barre.

### III.  TRANSFER UNDER 28 U.S.C. § 1404(a)

According to 28 U.S.C. § 1404(a):

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The Hills clearly could have filed this case in the Eastern District of Pennsylvania. Thus, the only real issue concerning this part of the motion is whether the equities of the situation favor the transfer.

The movant has offered only one argument. Specifically, Miller notes in his brief that counsel for all parties have their offices in Philadelphia. The legal expenses saved for each litigant by the move to the Eastern District supposedly justify the transfer. In joining Miller's motion, moreover, the plaintiffs do not provide any additional arguments for the § 1404(a) action. Turner, on the other hand, has filed an affidavit which states that the move would burden him by significantly increasing travel and lodging expenses for himself as well as for known witnesses to the disputed transaction.

■ In *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756–57 (3d Cir. 1973), the Court of Appeals for the Third Circuit ruled that the moving party in a § 1404(a) request bears both the burden of proof and an affirmative duty to provide documentary evidence in the Record which supports the motion. Miller and the Hills have offered nothing to satisfy these requirements other than a bald assertion in the former's brief that a transfer would save legal expenses by reducing the distance which the lawyers must travel. Although convenience of counsel is a factor to be considered in § 1404(a) situations, it is not dispositive when standing alone. *See Kogok v. Fields*, 448 F.Supp. 197, 200–01 (E.D.Pa.1978). Therefore, the court concludes that Miller has failed to meet the burden necessary to support his transfer motion.