SOUTHMARK PRIME PLUS, L.P., a Delaware Limited Partnership, Southmark Equity Partners III, Ltd., a California Limited Partnership, Southmark Investment Group 86, Inc., a Nevada Corporation, and Prime Plus Corp., Inc., a Nevada Corporation, Plaintiffs,

v.

Leonard F. FALZONE, Buffalo Laborers' Pension Fund, Laborers' International Union of North America, Local # 210, Realcap Company, a Texas General Partnership, Quantum Realty Corp., a Delaware Corporation, Concap Management, L.P., an Illinois Limited Partnership, William R. Arnold, Salvatore J. Caci, Louis P. Ciminelli, John A. Doyle, Peter G. Gerace, Edward D. Herrick, James C. Logan, Terry L. Noebel, Joseph R. Pieri, Robert C. Patterson, and Daniel J. Sansanese, Defendants.

Civ. A. No. 91–127–JLL.

United States District Court,
D. Delaware.

June 20, 1991.

Robert K. Payson and Stephen C. Norman of Potter, Anderson & Corroon, Wilmington, Del., and Karen E. Katzman, Phillip A. Geraci and John J.P. Howley of Kaye, Scholer, Fierman, Hays & Handler, New York City, of counsel, for plaintiffs.

Richard R. Weir, Jr. and Wayne J. Carey of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, Del., and Harold J. Boreanaz and Robert L. Boreanaz of Boreanaz, Carra, Boreanaz, Buffalo, N.Y., of counsel, for Pension Fund defendants.

Perry F. Goldlust of Heiman, Aber & Goldlust, Wilmington, Del., and Richard Lipsitz and William M. Feigenbaum of Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, Buffalo, N.Y., of counsel, for Local # 210 defendants.

Steven J. Rothschild, Matthew F. Boyer and Karen L. Valihura of Skadden, Arps, Slate, Meagher & Flom, Wilmington, Del., and David S. Steuer of Wilson, Sonsini, Goodrich & Rosati, Palo Alto, Cal., of counsel, for Realcap defendants.

## MEMORANDUM OPINION

LATCHUM, Senior District Judge.

The plaintiffs in this action have alleged several violations of the Securities Exchange Act of 1934 ("1934 Act"), 15 U.S.C. § 78a *et seq.*, and the Rules promulgated thereunder, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, by the defendants. Defendants Laborers' International Union of North America Local 210 ("Local 210") and Buffalo Laborers' Pension Fund ("Pension Fund") (collectively "the movants") have moved pursuant to Federal Rule of Civil Procedure 12(b)(3) to dismiss this action for improper venue, and pursuant to Federal Rule of Civil Procedure 12(f), to strike portions of the complaint.

The Court heard oral argument on June 17, 1991 and has considered the briefs of the parties. (D.I. 44, 46, 48, & 53).

---

**1.** The other bases for venue under § 78aa are the district "in which the defendant (2) is found, (3) is an inhabitant or (4) transacts business."

*Venue Under § 78aa Of The 1934 Act*

■ The defendants first contend that under 15 U.S.C. § 78aa the District of Delaware is not the proper venue for the plaintiffs' 1934 Act claims. The Court does not agree with this contention. Under § 78aa "venue lies in the district (1) in which any act or transaction constituting the violation occurred...." [1] *Jacobs v. Hanson*, 464 F.Supp. 777, 781–82 (D.Del.1979). This basis for venue requires "but one act within the forum district which represents more than an immaterial part of the allegedly illegal events." *Puma v. Marriott*, 294 F.Supp. 1116, 1120 (D.Del.1969). *See also, Jacobs v. Hanson*, 464 F.Supp. at 782; *Prettner v. Aston*, 339 F.Supp. 273 (D.Del. 1972); *Dauphin Corp. v. Redwall Corp.*, 201 F.Supp. 466, 469–70 (D.Del.1962). Additionally, while the single act within the district must be an integral part of the allegedly illegal events, the act within the district does not in itself have to be illegal. *Jacobs v. Tenney*, 316 F.Supp. 151, 158 (D.Del.1970); *Prettner*, 339 F.Supp. at 280; *Jacobs v. Hanson*, 464 F.Supp. at 782. Applying these criteria to the present case, the District of Delaware is in fact a proper venue for the plaintiffs' 1934 Act claims.

■ According to the plaintiffs' complaint, the defendants intended to illegally seize control of several businesses and circumvent federal disclosure requirements. The key to the alleged scheme of the defendants was the creation of a Delaware corporation that would mask the defendants' alleged affiliations with organized crime and act as a vehicle for the takeovers. Quantum Realty Corporation is the Delaware corporation allegedly organized for this nefarious purpose. The act of incorporating Quantum Realty in Delaware, while not illegal, was certainly a material and integral part of the defendants' alleged illegal scheme.

In *Jacobs v. Hanson*, minority shareholders brought suit against the officers and directors of a corporation because they allegedly made misrepresentations in connec-

---

*Jacobs v. Hanson*, 464 F.Supp. 777, 781–82 (D.Del.1979).

tion with the corporation's sale of its assets. The success of the sale depended on special tax treatment that was only possible if the corporation also dissolved itself. The Court held that venue in Delaware over all the defendants, even those who were residents of other states, was proper because the certificate of dissolution was filed in Delaware. The filing of a certificate of dissolution in Delaware was an "act" within the district sufficient to make venue as to all defendants proper under § 78aa.

In *Dauphin*, the acts making venue proper as to all defendants under § 78aa were the organization of a Delaware corporation to act as a conduit for fraudulently obtained proceeds, and the amendment of the plaintiff's charter of incorporation so that it could issue additional stock. The defendants' fraudulent note was paid for with the newly issued stock of the plaintiff.

In *Prettner*, certain labor unions brought suit in an effort to block the proposed merger of Western Airlines and American Airlines. The suit named several officers of Western Airlines, who had no contacts with Delaware, as defendants. Under § 78aa, venue was nonetheless proper in Delaware with respect to these officers because a stockholders' meeting had been held in Delaware by American Airlines.

Local 210 and the Pension Fund emphasize that the act making venue in this district proper under § 78aa was not performed by the movants. Local 210 and the Pension Fund apparently believe that un-less they filed Quantum Realty's certificate of incorporation, this act cannot make Delaware a proper venue in a suit by the plaintiffs against the movants. This argument fails to recognize the significance of the plaintiffs' allegation that each defendant was a co-conspirator in an illegal scheme expected to benefit each defendant. Once venue has been established under § 78aa vis a vis one defendant, venue is proper with respect to the defendant's co-conspirators.[2] This concept is occasionally referred to as the "co-conspirator venue" theory.

■ The underlying logic of "co-conspirator venue" was recognized in this district as early as 1962. In *Dauphin*, Judge Steel explained why two acts in Delaware were sufficient to make venue proper as to all defendants in a securities case. "[The acts] were integral parts of the fraud for which all defendants were the intended beneficiaries. They were acts of material importance to the sale of the [fraudulent] note. This is sufficient to support the venue of this district." *Dauphin*, 201 F.Supp. at 469–70. This same concept, under the title of "co-conspirator venue" has been adopted in securities cases by at least three circuits and several district courts, including several in the Third Circuit.[3] Under § 78aa, venue in this district is proper as to all defendants with respect to the 1934 Act claims.

*Venue Under § 1965(b) Of RICO*

■ In a RICO action, venue may be proper with respect to a particular defen-

---

**2.** Some courts have held that the "co-conspirator venue" theory only applies where venue has been established over one conspirator by reason of an "act or transaction" performed in the district by that conspirator in furtherance of the conspiracy. *In re Towner Petroleum Co. Securities Litig.—MDL 607,* MDL Docket 607, slip op., 1986 WL 290, *16 n. 13, (E.D.Pa. June 30, 1986); *Schreiber v. W.E. Hutton & Co.,* 382 F.Supp. 297, 298–99 (D.D.C.1974). For this reason, the Court has not addressed whether venue is proper over any of the defendants based on their "presence" in the District of Delaware under § 78aa.

**3.** *See e.g., Securities Investor Protection Corp. v. Vigman,* 764 F.2d 1309, 1317–18 (9th Cir.1985) (citing several cases at 1317 n. 4 & 5); *Hilgeman v. National Ins. Co. of America,* 547 F. 2d 298 (5th Cir.1977); *Wyndham Assoc. v. Bintliff,* 398

F.2d 614, 620 (2d Cir.1968), *cert. denied,* 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968); *Booth v. Alvin Petroleum, Inc.,* Civil Action No. 85–3221, slip op., 1987 WL 6748, *2, 1987 U.S.Dist. LEXIS 1110, *6 (E.D.Pa. February 9, 1987); *In re Towner Petroleum,* 1986 WL 290, *12; *Ferber v. Morgan Stanley Co., Inc.,* Civil Action No. 83–1470, slip op., 1984 WL 2397, Fed.Sec.L.Rep. (CCH) ¶ 99,684 (E.D.Pa. February 14, 1984); *Carty v. Health–Chem Corp.,* 567 F.Supp. 1, 3 (E.D.Pa.1982); *Hill v. Turner,* 492 F.Supp. 61, 63 (M.D.Pa.1980); *B & B Inv. Club v. Kleinert's, Inc.,* 391 F.Supp. 720, 728 (E.D.Pa. 1975); *Arpet, Ltd. v. Homans,* 390 F.Supp. 908, 911 (W.D.Pa.1975); *In re Penn Cent. Sec. Litig.,* 338 F.Supp. 438, 440 (E.D.Pa.1972); *Levin v. Great Western Sugar Co.,* 274 F.Supp. 974, 978 (D.N.J.1967).

dant even though the venue provisions of 18 U.S.C. § 1965(a) and 28 U.S.C. § 1391 do not apply to that defendant. *Bernstein v. IDT Corp.,* 582 F.Supp. 1079, 1087–88 (D.Del.1984); *Farmer's Bank of the State of Delaware v. Bell Mortg. Corp. (Farmer's Bank II),* 577 F.Supp. 34 (D.Del.1981). If venue is proper in a district pursuant to 18 U.S.C. § 1965(a) or 28 U.S.C. § 1391 as to one or more defendants, venue will also be proper with respect to defendants not covered by these venue provisions if, pursuant to 18 U.S.C. § 1965(b), the "interests of justice" dictate that these other defendants be brought before the same court. *See id.* None of the cases cited by the defendants are to the contrary.[4] On the other hand, several district court opinions in this circuit support the argument that the nationwide service of process provision of § 1965(b) can be used to satisfy RICO's venue requirements.[5]

■ Generally, when a defendant moves to dismiss for improper venue pursuant to Fed.R.Civ.P. 12(b)(3), the defendant bears the burden of proof. *Myers v. American*

*Dental Ass'n,* 695 F.2d 716, 724–25 (3d Cir.1982), *cert. denied,* 462 U.S. 1106, 103 S.Ct. 2453, 77 L.Ed.2d 1333 (1983) ("[T]he defendant should ordinarily bear the burden of showing improper venue in connection with a motion to dismiss."); 1A–Pt 2 J. Moore, *Moore's Federal Practice* ¶ 0.340[2], at 4021–22 (2d ed. 1991). The plaintiffs in this case, however, do not rely on the general venue provisions of 28 U.S.C. § 1391. Instead, the plaintiffs claim that venue is appropriate against the movants under one of RICO's special venue provisions, namely, § 1965(b). Under § 1965(b), a plaintiff must "show[ ] that the ends of justice require" the district court to exercise its discretion and bring parties before the court that would not otherwise be subject to venue in the district. The plaintiffs have met this burden.

The venue provisions found in RICO balance two policy concerns. The first concern is the traditional one that a defendant should not be unfairly inconvenienced by a plaintiff's choice of forum.[6] The second concern is that a RICO conspiracy should

---

4. The defendants only cited two cases in support of their position; *Butcher's Union Local No. 498 v. SDC Inv., Inc.,* 788 F.2d 535 (9th Cir.1986); and *Lisak v. Mercantile Bancorp, Inc.,* 834 F.2d 668 (7th Cir.1987), *cert. denied,* 485 U.S. 1007, 108 S.Ct. 1472, 99 L.Ed.2d 700 (1988). In *Butcher's Union,* the court did not reach the venue issue. While the court in *Lisak* did reach the venue issue, its holding is not inconsistent with this Court's discussion of venue under 18 U.S.C. § 1965. In *Lisak* the court of appeals remanded the case to the district court but made several observations to facilitate the district court's reconsideration of the venue issue. First, the court of appeals noted that "[s]ection 1965(a) deals with venue in RICO cases, but § 1965(b) creates personal jurisdiction by authorizing service." *Id.* at 671. Despite this comment, the court of appeals clearly did not intend to foreclose the use of § 1965(b) in establishing venue. The appeals court explained that as long as venue was established with respect to any single defendant under § 1965(a) or 28 U.S.C. § 1391(b), venue would be proper as to the other RICO defendants under § 1965(b) if the interests of justice required their presence. *Id.* at 672. Section 1965(b) therefore can be used to establish proper venue in a district.

5. *Shuman v. Computer Assoc. Int'l, Inc.,* 762 F.Supp. 114, 118 (E.D.Pa.1991); *American Trade Partners, L.P. v. A–1 Int'l Importing Enter., Ltd.,* 757 F.Supp. 545, 556 n. 16 (E.D.Pa.1991); *Gur-*

*nicz v. Guindon,* Civil Action No. 90–3796, slip op., 1991 WL 1009, 3, 1991 U.S.Dist. LEXIS 112, 6 (E.D.Pa. January 2, 1991) ("Section 1965(b) provides for venue. . . ."); *American Trade Partners, L.P. v. A–1 Int'l Importing Enter., Ltd.,* 755 F.Supp. 1292, 1304–05 (E.D.Pa.1990); *S.D. Warren Co. v. Engelman,* Civil Action No. 87–8339, slip op., 1988 WL 97661, *4–5, 1988 U.S.Dist LEXIS 10474, 12–13 (E.D.Pa. September 20, 1988); *Koropey v. Resort Dev. Corp.,* Civil Action No. 87–5355, slip op., 1988 WL 76132 1988 U.S.Dist. LEXIS 7346 (E.D.Pa. July 11, 1988); *Bhatla v. Resort Dev. Corp.,* Civil Action No. 86–7099, slip op., 1987 WL 28367, *2–3, 1987 U.S.Dist LEXIS 11835, 7–8 (E.D.Pa. December 17, 1987); *Shulton, Inc. v. Optel Corp.,* Civil Action No. 85–2925, slip op., 1986 WL 15617, *4–5 & n. 3, 1987–1 Trade Cas. (CCH) ¶ 67,436 (D.N.J. September 29, 1986); *Leavey v. Blinder, Robinson & Co., Inc.,* Civil Action No. 85–7018, slip op., 1986 WL 10556, Fed.Sec.L.Rep. (CCH) ¶ 92,996 (E.D.Pa. September 18, 1986); *Farmer's Bank of the State of Delaware v. Bell Mortg. Corp. (Farmer's Bank I),* 452 F.Supp. 1278, 1282 & n. 8 (D.Del.1978) ("§ 1965(b) provides that the district court may summon other parties over whom there would not otherwise be venue in the district if 'it is shown that the ends of justice [so] require. . . .' ").

6. 1A–Pt 2 J. Moore, *Moore's Federal Practice* ¶ 0.340[1.–1] at 4007 (2d ed. 1991) ("In general, limitations on venue afford a defendant some protection against being forced to defend an

be tried as a whole, with all defendants before one court, whenever possible.[7] Section 1965(b) strikes a balance between these two policy concerns by giving the court discretion to bring all defendants into a single district when the "ends of justice" require such action.[8] Several factors can be considered by a court in making this "ends of justice" determination under § 1965(b).

First, if there is a district where venue is proper as to every RICO defendant, without resort to § 1965(b), under normal circumstances, a court in a different district will not further the ends of justice if it exercises its discretion under § 1965(b) to bring the same litigants into a district where venue would not otherwise have been proper. On the other hand, if no district is a proper venue as to all defendants without resort to § 1965(b), and at least one defendant is subject to venue in the district pursuant to § 1965(a) or § 1391, then the interests of justice weigh heavily in favor of the court bringing the other defendants before it under § 1965(b).[9]

In the present case, venue is clearly proper under § 1965(a) with respect to Quantum, the defendant Delaware corporation. The plaintiffs' complaint and their briefs also make it clear that there are several defendants and that they are widely dispersed. At this stage of the proceedings it is impossible to determine the specific contacts each defendant has with each possible forum. Nonetheless, it is unlikely that all the defendants are subject to venue in one district under §§ 1965(a) and 1391.[10] The Court therefore concludes that the ends of justice would be significantly advanced if the Court exercised its discretion under § 1965(b) and brought all defendants to the District of Delaware. For this reason alone, the Court would be justified in exercising its discretion under § 1965(b).

Second, the movants will not be inconvenienced if they are required to defend against the plaintiffs' RICO claims in the District of Delaware. Venue is proper in the District of Delaware with respect to the plaintiffs' 1934 Act claims against both Local 210 and the Pension Fund. Regardless of whether venue is appropriate with respect to the RICO claims, Local 210 and the Pension Fund will be required to appear in this suit. Possible inconvenience to Local

---

action in a district remote from his residence, or remote from the place where the events underlying the controversy occurred....")

**7.** Addressing the personal jurisdiction implications of § 1965(b) the court of appeals in *Lisak* noted: "Section 1965(b) authorizes nationwide service of process so that at least one court will have jurisdiction over everyone connected with any RICO enterprise." *Id.* 834 F.2d at 672.

**8.** *Shulton,* 1986 WL 15617, *4 ("The 'ends of justice' provision furthers the congressional purpose of 'eradicating organized crime in this country' by enabling plaintiffs 'to bring all members of a nationwide RICO conspiracy before a court in a single trial,' without unnecessarily sacrificing any defendant's interest in having the action litigated in a forum convenient to it.") (citation omitted).

**9.** *S.D. Warren,* 1988 WL 97661, *5, 1988 U.S.Dist. LEXIS 10474, 13; *Koropey,* 1988 WL 76132, *1, 1988 U.S.Dist. LEXIS 7346, 3; *Bhatla,* 1987 WL 28367, *2-3, 1987 U.S.Dist. LEXIS 11835, 7; *Shulton,* 1986 WL 15617, *4 ("Generally, however, the ends of justice requirement [of § 1965(b)] is fulfilled when venue is properly laid in the district in question under section 1965(a) at least as to one defendant, and there

exists no other district in which venue would be appropriate as to all defendants.").

**10.** At oral argument, counsel for the movants suggested that pursuant to 28 U.S.C. § 1391(b)(2) venue is proper as to all defendants in either the Western District of New York or the Northern District of Texas. In pertinent part § 1391(b)(2) states that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...." The movants have not informed the Court of any "events or omissions" occurring in the two preferred districts. The only event referred to by the movants is the filing of certain documents with the Securities and Exchange Commission in Washington, D.C. (D.I. 44 at 15). On the other hand, the plaintiffs have shown that at least one crucial event occurred in Delaware, the formation of Quantum, and that it is impossible to say in which districts a "substantial part of the events" occurred because the defendants can be found in New York, Texas, Illinois, Delaware, California and possibly Vermont. (D.I. 46 at 14; Oral Argument). Despite the protestations of the movants, the Court cannot conclude, at this time, that there is another district in which venue is proper with respect to every defendant.

210 and the Pension Fund, therefore, is not a factor.

A third factor a court should consider when determining whether to exercise its discretion under § 1965(b) is judicial economy. *Farmer's Bank II*, 577 F.Supp. at 35. In the present case, this factor weighs heavily in favor of compelling the movants to appear and defend this suit in the District of Delaware.

As noted above, with respect to the 1934 Act claims there is certainly venue in this district as to all defendants. In order to litigate these claims the parties will have to address the existence of the alleged conspiracy and its connection to organized crime. This factual inquiry, in which the movants must participate, will be very similar to the factual issues raised by the RICO claims. Further, the other defendants have not objected to venue in this district and will therefore have to address the legal issues involved in the RICO claims. Since the movants will be required to litigate their role in the conspiracy and ties to organized crime anyhow, and the Court will be addressing the legal issues related to the RICO claims, it would be a serious waste of judicial resources to litigate this case in more than one district. For these reasons, the Court concludes that venue under RICO is proper in this district with respect to the movants.

*Local 210's Motion To Strike Pursuant To Fed.R.Civ.P. 12(f)*

In pertinent part, Fed.R.Civ.P. 12(f) permits the Court to strike "from any pleading any ... redundant, immaterial, impertinent, or scandalous matter." Essentially, Local 210 and the Pension Fund argue that the plaintiffs' allegations that Local 210 and the Pension Fund are connected to, and controlled by, organized crime are "impertinent" and "scandalous" and should therefore be stricken. (D.I. 44 at 16–19; D.I. 53).

As a general rule, motions to strike pursuant to Fed.R.Civ.P. 12(f) are not fa-

vored.[11] Further, a "[m]atter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation."[12] Put differently, the portions of the complaint that the movants find offensive cannot be struck unless they are immaterial to the complaint. *Skadegaard v. Farrell*, 578 F.Supp. 1209, 1221 (D.N.J.1984). In the present case, the plaintiffs' allegations that Local 210 and the Pension Fund are controlled by organized crime are central to both the plaintiffs' 1934 Act claims and their RICO claims. The crux of the plaintiffs' complaint is that organized crime figures conspired to seize control of certain businesses in violation of RICO and that the means they used were intended to hide the involvement of organized crime, in violation of the securities laws. In any event, the allegations in the complaint are not unreasonably derogatory or offensive.

At oral argument, the movants took particular exception to the complaint's references to newspaper articles supporting the plaintiffs' allegations. According to the plaintiffs, the references to the newspaper articles are relevant because they show that the defendants who are not members of organized crime, should have known they were conspiring with organized crime figures. For present purposes, this explanation satisfies the Court that this information was properly included in the complaint.

Due to the materiality of the offending allegations and the Court's reluctance to strike generally, the Court will deny the motions of Local 210 and the Pension Fund to strike pursuant to Fed.R.Civ.P. 12(f). For reasons discussed earlier, the Court will also deny the movants' Fed.R.Civ.P. 12(b)(3) motion to dismiss for improper venue. An Order in accordance with this Memorandum Opinion will follow.

**11.** *Milton Roy Co. v. Bausch & Lomb, Inc.*, 418 F.Supp. 975, 977 (D.Del.1976); *Louisiana Sulphur Carriers, Inc. v. Gulf Resources and Chemical Corp.*, 53 F.R.D. 458, 461 (D.Del.1971); 2A J. Moore, *Moore's Federal Practice* ¶ 12.21[2] at 12–175 (2d ed. 1991).

**12.** 2A J. Moore, *Moore's Federal Practice* ¶ 12.-21[2] at 12–175 to 12–176.