MEMORANDUM ***
Nicola M. Spirtos appeals from the district court’s order awarding $5,727 in attorneys’ fees to Peter C. Lim, et al., for improperly removing this case to federal court. Defendants allege that the award of fees was improper, and the award was excessive; that plaintiffs did not follow proper procedures in pleading for fees; that defendants did not receive a chance to appeal the subsequent remand back to state court, and that plaintiffs’ counsel has a conflict of interest on this matter and must recuse himself. We review the district court’s determinations of law de novo and its findings of fact for clear error. Husain v. Olympic Airways, 316 F.3d 829, 835 (9th Cir.2002). We review attorneys’ fees for abuse of discretion. Merritt v. Mackey. 932 F.2d 1317, 1324 (9th Cir.1991). We affirm.
I.
Defendants propose that removal to federal court was reasonable according to Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 312, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005), but this is incorrect. Gruble did not deal with Racketeer Influenced and Corrupt Organizations (RICO) lawsuits, and defendants have not shown that any “substantial questions of federal law” exist that would justify removal. Id. Defendants’ claim that removal was justified under 18 U.S.C. § 1965 also fails since the venue provisions of RICO only allow parties in a RICO action to bring other possible par *76 ties into court, not to bring non-RICO lawsuits into a RICO action. Southmark Prime Plus, L.P. v. Falzone, 768 F.Supp. 487, 490 (D.Del.1991).
II.
Defendants also argue that the award of attorneys’ fees was excessive. The district court methodically went through the steps of the lodestar method to calculate the award. There was no abuse of discretion.
III.
Defendants next claim that plaintiffs did not plead for attorneys’ fees, did not file fee requests, and that defendants were not provided with adequate notice and the opportunity to be heard regarding attorneys’ fees and costs. The record supports the plaintiffs’ position. There is also no basis in the record to support defendants’ claim that the plaintiffs were required to file fee requests. We have allowed the awarding of attorneys’ fees on remand by motion. Moore v. Permanente Medical Group, 981 F.2d 443, 445 (9th Cir.1992). Further, defendants had an opportunity to oppose the award since they filed an opposition brief on the subject and were able to fully litigate the underlying question of removal. Defendants’ arguments on this claim fail.
IV.
Defendants also claim they were improperly denied an appeal of the remand order. Such remand orders are unappealable. 28 U.S.C. § 1447(d).
y.
Finally, defendants claim plaintiffs’ counsel, Howard Janssen, has a conflict of interest, having previously worked in a law firm that represented Spirtos, and thus Janssen must withdraw from this lawsuit. Since plaintiffs’ counsel does not currently represent any of the defendants, the question is whether a “substantial relationship” exists between Janssen and Spirtos, with a special focus on three factors: “(1) factual similarities between the two representations, (2) similarities in legal issues, and (3) the nature and extent of the attorney’s involvement with the case and whether he was in a position to learn of the client’s policy or strategy.” Adams v. Aerojet-General Corp., 86 Cal.App.4th 1324, 1332, 104 Cal.Rptr.2d 116 (2001). Nothing in the record suggests that Janssen ever was in a position to learn of Spirtos’s policy or strategy, or even that the firm was representing Spirtos at all. This claim also fails.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.